Elizabeth Scheel *et al.* Exrs.

*v.*

Michael Eidman.

| 68 | 193 |
| 159 | 36 |
| 68 | 193 |
| 200 | ²468 |
| 68 | 193 |
| 114a | ²592 |

1. Parties plaintiff—*in joint claim against estate.* Where the deceased in his lifetime took out letters of guardianship jointly for several wards, and received a sum of money due them jointly, which was never separated or accounted for by him to them or any of them, either separately or jointly: *Held*, that a claim against the estate of the guardian for the moneys in his hands, with interest, was properly brought in the joint names of the wards.

2. Administration of estates. It was objected that a claim and judgment thereon was against the estate of a deceased person instead of against the executors of his last will. The executors appeared and contested the claim: *Held*, no error in this respect, as such a proceeding is not governed by the technical rules applicable to formal suits at law.

3. Same—*rendering a judgment against the estate of a deceased guardian.* A proceeding at the suit of the wards against the estate of their deceased guardian, in the county court, to ascertain the amount due to the wards, may be regarded as the presentation of a claim against the estate of the guardian for allowance, so as to authorize a judgment for the amount found due.

4. Guardian and ward—*recovery by three wards of the interest of four.* In a claim against the estate of a deceased guardian by three of his four wards for moneys belonging to all jointly, the court rendered judgment

13—68th Ill.

in favor of the three for the whole sum, upon proof of the report of the death of the fourth one, who was a married woman, it not appearing when or where she died, or whether she left children or not: *Held*, that the judgment, so far as it included such fourth ward's share, was erroneous.

5. SAME—*compounding interest*. In a claim against the estate of a deceased guardian, who died before the eldest ward became of age, the court allowed compound interest on the sum which came to the guardian's hands, up to the time of his death, and simple interest from that time to the recovery. The representatives of the estate objected that the interest should have been compounded to the time of the wards coming of age: *Held*, that there was no error in this respect that the representatives of the estate should be allowed to complain of.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. G. & G. A. KŒRNER, for the appellants.

Mr. WILLIAM H. UNDERWOOD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This appears to have been originally a proceeding in the county court of St. Clair county, to ascertain the amount due from the estate of John Scheel, deceased, as late guardian of the minor heirs of Adam Eidman.

The proceeding was instituted in the names of William, Margaret, Michael and Louisa Eidman, March 14, 1871. On appeal to the circuit court, judgment was rendered that "the survivors of said heirs of Adam Eidman, to-wit: Michael, William and Margaret Eidman, recover of the estate of John Scheel, late guardian of said wards, the sum of $1444, to be satisfied in claims of the third class *pro rata* out of any estate not inventoried"—the amount of the recovery, as conceded, being the sum of $624.86, with compound interest from the time Scheel was supposed to have received it up to the time of his death, January 17, 1864, and simple interest from that time to the recovery. The executors of Scheel, who appeared throughout, appealed.

Various points are made in favor of the reversal of the judgment.

It is first objected that the claim was not a *joint* one, and could not be prosecuted jointly.

The money was the proceeds of the sale of a certain tract of land made in a suit for partition, brought by William, Margaret, Michael and Louisa Eidman, minor heirs and children of Adam Eidman, against Laura St. Clair, wherein the said minors were found to be entitled to five-sixths of the land, without specifying their several interests.

John Scheel took out letters of guardianship for them jointly, and the joint sum of money due them all, as the proceeds of the sale, was received by him as guardian, and, so far as appears, was never separated or accounted for by him to them or any of them, separately or jointly. We can not say that the claim was improperly prosecuted in their joint names against the estate of the guardian for allowance.

It is next objected that the proceeding is against " the estate of John Scheel, deceased," and that the judgment is against "the estate of John Scheel," instead of against the executors, as it should have been. The suit is entitled, in the county court, against "The estate of John Scheel, deceased, late guardian; Elizabeth and Frederick Scheel, executors." The executors appeared and contested the claim.

The proceeding is not to be governed by all the technical rules which apply to a formal suit at law. We think the proceedings and judgment in the particular named were sufficient in form to show an adjudication of the claim against the estate as contemplated by the statute.

It is next objected, that the proceeding was commenced in the name of five plaintiffs, to-wit: Michael Eidman, Louise Henn, William Eidman, Margaret Eidman and Laura Eidman, and that the judgment was in favor of only three of them, Michael, William and Margaret, described as survivors of said minor heirs.

The parties, without any process, appeared, by mutual agreement, before the county court and submitted the claim for adjudication; and although in the initial order in the case, Laura Eidman is recited as one of the heirs of A. Eidman, for whom the attorneys appeared, that seems to have been a palpable mistake; her name is not mentioned again in all the subsequent proceedings. And in the entitling of the initial order, her name is not mentioned, but all the four others are named as the parties prosecuting. She appears not to have been a child of Adam Eidman, nor was she a ward of John Scheel. We do not regard her as really a plaintiff or claimant in the case. Louise, the evidence shows, had died some time before the commencement of this proceeding. The recovery by Michael, William and Margaret was not only of their own shares, but it was for the entire amount of money belonging to the four wards, of whom Louise was one, which came into the hands of the guardian. The recovery included the share of Louise as well as their own. In this respect we consider the judgment to be erroneous.

In order to the recovery by the surviving parties of Louise's share, it was incumbent upon them to show their title to it. They did not succeed to it by virtue of being surviving wards of a common guardian. The slight evidence here as to Louise's death was, that she was a married woman, and that there was a report of her death. When or where she died, or whether or not she left children or her husband surviving her, does not appear. Such evidence we regard as insufficient to entitle her surviving brothers and sister to recover her interest as their own. It does not sufficiently show them to be her heirs, admitting her death.

It is insisted, that it was error to render a *judgment* in the case, and *Gilbert* v. *Guptill*, 34 Ill. 112, is cited, where it is said that, in a citation of a guardian to account before the probate court, no judgment is to be rendered.

But the nature of this proceeding is in no way characterized in the case, and it may consistently be regarded as the

presentation of a claim against the estate of a deceased person for allowance.

As to the point made upon the statute of limitations, without considering the applicability of the statute to this case, an examination of the evidence satisfies us that the proceeding was commenced within five years after the eldest ward came of age, and that, even applying the five years period of limitation, the bar of the statute was not made out.    In view of the evidence upon this point, we deem it unnecessary to consider the instructions given and refused in reference to the Statute of Limitations, for even if there were error in this respect, we should hold it to be unimportant, under the evidence.

As to the allowance of compound interest up to the time of the death of the guardian, instead of to the time of the wards coming of age, there can be no error in this respect which the appellants should complain of, as the evidence shows that the guardian died on the 17th day of January, 1864, and it was not until after that time that the eldest of the wards came of age.

The evidence as to the guardian having received the full amount of the money as found by the jury, although not so satisfactory as it might have been, was sufficient to sustain the finding in that respect.

For the error above indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*