GEORGE THOMSON, Admr.

*v.*

W. P. BLACK, Admr. *de bonis non.*

*Opinion filed December 16, 1902—Rehearing denied February 5, 1903.*

1. PRACTICE—*mere matters of form are disregarded in allowance of claims against estate.* The proceedings in the presentation and allowance of claims against an estate need not conform to common law practice or follow the rules which apply to suits at law.

2. SAME—*formal pleas not necessary or proper in matter of allowing claim against estate.* Upon appeal to the circuit court from an order of the probate court allowing a claim against an estate, pleas of *non assumpsit,* set-off and *non est factum* are properly disregarded.

3. SAME—*claim for amount due on bond may be filed in name of usee.* A claim against the estate of a surety upon an executor's bond for the amount adjudged to be due may be allowed in the name of the usee, instead of in the name of the People for his use.

4. APPEALS AND ERRORS—*when objection to evidence comes too late.* An objection to the admission of a bond in evidence in support of a claim against an estate, for the reason that it was misdescribed in the claim in that the name of one of the sureties was omitted, cannot be first urged on appeal, since the objection might have been obviated by amendment had it been presented at the trial.

*Thomson* v. *Barker,* 102 Ill. App. 304, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

FRED H. ATWOOD, FRANK B. PEASE, and CHARLES O. LOUCKS, for appellant.

WILLIAM R. PLUM, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Joseph N. Barker, administrator *de bonis non*, with the will annexed, of the estate of James Reid, deceased, filed a claim in the probate court of Cook county against the estate of Duncan M. Thomson, deceased. The claim consisted of nineteen items, the last of which was as follows:

"*Nineteenth*—Amount due on bond given by Dougald Muir, Duncan M. Thomson and Sverke Domby, given to secure the faithful performance of duties of Dougald Muir, as executor of the last will and testament of James Reid, deceased, $37,000. Interest on said sum from the 12th day of May, 1897, to July 6, 1897."

The claim, including the said nineteenth item, was allowed in the probate court at $12,672.34, and appellant, administrator of the estate of Duncan M. Thomson, appealed to the circuit court. When the case came on for trial in the circuit court appellant filed a plea of *non assumpsit* to the first eighteen items of the claim and a plea of set-off to the same, and filed pleas of *non est factum* and *nil debet* to the nineteenth item. No notice was taken of these pleas, and the case was tried according to the usual practice. The nineteenth item is the only one involved in the errors assigned by appellant. As to that item it was proved that Dougald Muir gave the bond in question, as the executor of the last will and testament of James Reid, deceased; that Muir was afterward removed by the probate court, and that the court, on a re-statement of his accounts, ordered him to pay $2890.16 to Joseph N. Barker, who had been appointed his successor. Muir failed to pay the amount so adjudged against him. The circuit court gave the jury a peremptory instruction to return a verdict for Barker, as administrator, on all items of the claim except those based on a receipt. The instruction included the nineteenth item, and directed the jury to allow the amount owing on the bond as fixed by the judgment of the probate court, with inter-

est at five per cent. A verdict was returned, in accordance with the instruction, for $12,159.11. Motions for a new trial and in arrest of judgment interposed by appellant were overruled and judgment was entered on the verdict. Appeal was taken to the Appellate Court for the First District, and the cause was heard in the branch of that court. During the pendency of the appeal Joseph N. Barker died, and W. P. Black, appellee, was appointed his successor and substituted for him. The Branch Appellate Court affirmed the judgment.

The first and principal claim of appellant is, that the peremptory instruction to the jury was erroneous as to the nineteenth item because the claim should have been filed in the name of the obligee, the People of the State of Illinois, for the use of Joseph N. Barker, as administrator of said estate. There was no defense on the merits to the claim on the bond, but it is insisted that the claim could not be filed in the name of the actual claimant. The statute provides that all bonds given by any executor may be put in suit and prosecuted in the name of the People of the State of Illinois, for the use of the person injured by reason of the neglect or improper conduct of the executor, and in an action at law they must be put in suit in that manner. The right of action at law is vested solely in the person having the legal interest. A beneficial plaintiff or usee, whenever necessary for the assertion of his rights, may bring an action at law for his use and benefit, but he must bring it in the name of the one having the legal title and right to sue. The question here is whether that rule applies to a claim filed against an estate.

The common law remedies against a party cease at his death, and the statutory remedies against his estate provided by the Administration act must then be pursued, so far as the probate court is concerned. The statute provides that every administrator or executor shall fix upon a term for the purpose of having claims

adjusted. All demands of every nature are to be exhibited to the probate court for adjustment and to be classified and settled. The claimant is required to produce his claim in writing at the term fixed by the administrator or executor, or to file a copy of it with the clerk of the court afterward, within the time fixed by statute, but no regular pleadings are required. (*Thorp* v. *Goewey*, 85 Ill. 611.) The pleas filed in this case were not necessary or proper, and as the issues were not to be made up in that manner the circuit court was right in disregarding them. Claims not due may be allowed, and the proceeding bears no analogy to proceedings conducted according to the course of the common law. It was not intended by the legislature that claims should only be presented in technical legal forms, or that only those learned in the law and skilled in its practice should be able to present claims for settlement. The proceeding in the presentation and allowance of claims is not according to the common law practice, and there is no mode of preserving the evidence or exceptions or of making them a part of the record as in a suit at law. (*Blair* v. *Sennott*, 134 Ill. 78.) It is not governed by technical rules which apply to a formal suit at law. (*Scheel* v. *Eidman*, 68 Ill. 193.) In allowance of claims against estates the probate court disregards mere matters of form and looks to the substance. (*Wolf* v. *Beaird*, 123 Ill. 585.) In a matter where equitable relief is required the court will adopt forms of equitable procedure, and in other cases will secure to parties the rights allowed to them by law, for the purpose of arriving at an adjustment of the claim.

In *Dixon* v. *Buell*, 21 Ill. 202, a claim for installments of rent due under the covenants of a lease was filed by the assignee of the lessor in his own name against the estate of the lessee. On appeal to the circuit court the defendants moved the court to non-suit the plaintiff on the ground that the action should have been brought in the name of the lessor. The court dismissed the cause

and rendered judgment against the plaintiff for costs, and the judgment was reversed for that reason. It was held that the plaintiff had the right to proceed in his own name in the probate court, and that there was no objection to the court adopting the forms of equitable proceeding, in so far, at least, as to permit the plaintiff to proceed in his own name to obtain an allowance. No equitable relief whatever was sought in that case nor any protection of an equitable right or interest of the assignee, and if the proceeding had been governed by the rules of the common law it could only be maintained in the name of the lessor for the use of the assignee.

As there was no defense to the nineteenth item the court was right in giving the peremptory instruction.

When the bond was offered in evidence a general objection was made to it, and the objection was overruled. It is now insisted that the ruling was wrong, for the reason that the bond was misdescribed in the claim in not including the name of Charles Pugh, one of the sureties. This specific objection was not made. If it had been, the description of the bond in the claim might have been amended, and it was too late to call attention to it in the Appellate Court for the first time. The bond was described in the claim as one given by Muir, as executor of the estate of Reid, and the description was sufficiently specific so that the judgment would constitute a bar to another suit.

Appellee has assigned as a cross-error the refusal of the court to grant a new trial as to the items of the claim based upon a receipt. That assignment of error involves nothing but questions of fact, which were finally settled by the judgment of the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*