In the Matter of Estate of George E. Weaver, Deceased. Ida Weaver, Appellant, v. Flora C. Weaver, Appellee.

Gen. No. 46,346.

Opinion filed November 3, 1954. Released for publication December 9, 1954.

BENJAMIN G. CLANTON, and PRENTICE A. HILBURN, both of Chicago, for appellant.

HARRY G. FINS, and JAMES D. CROSSON, both of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an appeal from an order dismissing an appeal to the circuit court from the probate court involving a claim filed in the probate court against the estate of George E. Weaver, deceased.

March 19, 1953 a claim was filed in the probate court of Cook county which reads:

"The within Affiant, ARCHIE L. WEAVER, acting in behalf of IDA WEAVER and GEORGE E. WEAVER, JR., her son, bases his claim in the sum of $2,389.00 for the benefit of GEORGE E. WEAVER, JR., on the fact that on the 18th day of November, A. D. 1927, a Decree of Divorce was entered in the case of GEORGE E. WEAVER vs. IDA WEAVER, No. 7814, in the Superior Court of Grant County, Indiana, the Honorable Robert F. Murry presiding, a certified copy of which Decree is on file in this Estate as part of the Proof of Heirship.

"In the said Decree the above Testator was ordered to pay to the Clerk of the Court for the support of GEORGE E. WEAVER, JR., claimant herein, the sum of $3.00 per week, which payments were to commence April 16, A. D. 1927, and to continue to the further order of the Court.

"There was no subsequent order of Court terminating the said payments, so that claimant, who is now about 28 years of age, is entitled to the support money of $3.00 per week from April 16, A. D. 1927, until the date of his majority, which was February 21, A. D. 1945, less the sum of $395.00 which was paid under said Decree.

"The unpaid balance now due the Claimants under said Decree is in the sum of $2,389.00, which is the amount of this claim. ARCHIE WEAVER."

An affidavit on a printed form attached to the claim bearing the signature of Archie L. Weaver reads:

"In the Matter of the Estate of George E. Weaver, Deceased; Archie L. Weaver being duly sworn says that he has knowledge of the facts herein set forth, that the annexed claim against the above named estate is just and unpaid after allowing all just credits, deductions and setoffs, and that claimant has no other claim against said estate."

Also attached to the claim is a divorce decree entered in Grant county, Indiana on November 18, 1927 in the case of *George E. Weaver v. Ida Weaver,* which provided, among other things, that the care, custody and control of the minor child of the parties be awarded to defendant Ida Weaver and that the plaintiff George Weaver pay to the clerk of that court "for the use of the defendant with which to support the said child, the sum of $3 per week commencing April 16, 1927."

Flora C. Weaver, executrix, filed an answer admitting that a decree of divorce was entered in Grant county, Indiana, as alleged in the claim. The answer avers that George E. Weaver, Jr., "has received support during the lifetime of the deceased until George E. Weaver, Jr., became of legal age"; that George E. Weaver reached his majority more than eight years prior to the death of the decedent; that Ida Weaver and her son George are guilty of laches; and that Archie L. Weaver has no authority from the probate court of Cook county or any other court to act in behalf of either Ida Weaver or her son George with respect to the claim for alleged alimony due under the terms of the divorce decree.

After issues were joined an order was entered by the probate court sustaining the motion of the executrix to

strike and disallow the claim. Claimant appealed to the circuit court where the appeal was dismissed, whereupon the claimant appealed to this court.

In her brief the executrix raises numerous technical grounds which she contends warranted the action of the probate court in disallowing the claim and the circuit court in dismissing claimant's appeal. She says that since the claim filed in the probate court recites that Archie L. Weaver, acting in behalf of Ida Weaver and George her son, claims the sum due under the divorce decree was for the benefit of the son George E. Weaver, Jr., the appeal bond should have been executed jointly by Ida Weaver and her son and that if Ida Weaver is the only claimant the appeal was properly dismissed, because the claim shows that Archie Weaver was acting in behalf of both Ida Weaver and her son for the benefit of the son.

██ ██ The proceeding in the presentation and allowance of claims against estates in the probate court is not according to the common law, nor is it governed by the technical rules which apply to a formal suit at law. In the allowance of claims against estates the court looks to the substance of the claim and not to the mere form. (*Thomson v. Black,* 200 Ill. 465.) To the same effect see *Albers v. Holsman,* 289 Ill. App. 239.

 In the instant case there can be no doubt from a reading of the claim that Ida Weaver is the real claimant and that her claim is based on accrued alimony for child support, under the terms of the decree of divorce attached to the claim. The amount of alimony which accrued up to the time the claimant's son attained his majority is a debt against the estate of the decedent recoverable by the claimant Ida Weaver. (*In re Estate of Bell,* 210 Ill. App. 350; *Pilackus v. Pilackus,* 328 Ill. App. 126.) Moreover, we think the nature of the claim filed is clearly stated and that the

affidavit signed by Archie Weaver substantially complies with chapter 3, section 344 of the Illinois Revised Statutes 1953, State Bar Edition [Jones Ill. Stats. Ann. 110.441], which provides that a claim against the estate of a decedent shall be accompanied by an affidavit of the claimant or *any person* having knowledge of the facts. Since we hold that the claim of Ida Weaver is in accordance with the provisions of chapter 3, section 344 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 110.441] relating to the administration of estates, we need not consider whether the court erred in denying the claimant leave to file an amended claim signed by the claimant. Having filed a claim substantially complying with the statute it follows that Ida Weaver properly executed the appeal bond as a principal. With respect to defendant's defense of laches, or any defense on the merits of the claim here involved, this court expresses no opinion.

For the reasons stated, the order appealed from dismissing the claim of Ida Weaver is reversed and the cause remanded for further proceedings.

*Reversed and remanded for further proceedings.*

KILEY, P. J. and FEINBERG, J., concur.