*In re* ESTATE OF KENNETH M. PIPER, Deceased.—(INDIANA-MICHIGAN CORPORATION, Claimant-Appellant, *v.* HARRIS TRUST AND SAVINGS BANK, Ex'r of the Estate of Kenneth M. Piper, Deceased, Respondent-Appellee.)

First District (5th Division)    No. 76-515

Opinion filed April 14, 1978.

Sidley & Austin, of Chicago (Alice M. Bright, David Shayne, and Joyce E. Moran, of counsel), for appellant.

Robert V. Nystrom and Richard H. Ferri, both of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Indiana-Michigan Corporation (IMC) appeals from orders dismissing its claim against the estate of Kenneth M. Piper and refusing to grant leave to file an amended claim. On appeal IMC contends that (1) the trial court erred in finding that the filing of a claim against a decedent's estate constitutes the practice of law; (2) the trial court erred in denying leave to

amend the claim; and (3) the executor disregarded its fiduciary obligations.

The following facts are pertinent to this appeal.

Upon the death of Kenneth M. Piper, IMC filed a claim against his estate for $81,711.44 allegedly due on an equipment lease. The claim was on the form provided by the clerk of the circuit court and was verified by the corporate treasurer, a person claiming knowledge of the facts. A copy of the equipment lease was attached as an exhibit. No appearance of an attorney was noted on the claim form.

The claim was filed pursuant to section 192 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 192). Section 192 of the Probate Act states:

> "A claim against the estate of a decedent, a minor, or an incompetent, whether based on contract, tort or otherwise may be filed in the proceeding for the administration of the estate. Every claim filed shall state the nature of the claim and when based on contract shall be accompanied by an affidavit of the claimant or any person having knowledge of the facts that the claim is just and unpaid after allowing all just credits, deductions and setoffs." Ill. Rev. Stat. 1975, ch. 3, par. 192.

On September 5, 1975, the Harris Trust and Savings Bank, as executor of the estate of Kenneth M. Piper (Executor), filed a petition to strike the claim. The Executor contended the court lacked jurisdiction because IMC was a corporation and could not practice law. On September 16, 1975, attorneys for IMC filed an appearance. The claim was called on September 22, 1975 and set for hearing on October 23, 1975. The attorneys for IMC appeared at the call and the hearing.

Following the hearing, the trial court granted the petition to strike and denied IMC leave to amend its claim. IMC appeals from these orders.

OPINION

IMC first contends that the court erred in finding that the filing of a claim against a decedent's estate constitutes the practice of law. Although IMC concedes that a corporation may not practice law (Ill. Rev. Stat. 1975, ch. 32, par. 411), it argues that it may file a claim without the appearance of an attorney.

■■ Although the Illinois Supreme Court has not expressly defined "the practice of law," it has indicated that the following definition is substantially correct:

> "Practicing as an attorney or counselor at law, according to the laws and customs of our courts, is the giving of advice or rendition of any sort of service by any person, firm or corporation when the giving of such advice or rendition of such service requires the use

of any degree of legal knowledge or skill." *People ex rel. Illinois State Bar Association v. Peoples Stock Yards State Bank* (1931), 344 Ill. 462, 475, 176 N.E. 901, 907.

■■ Here, IMC filed its claim pursuant to section 192 of the Probate Act. The statute does not contemplate that such claims should be prepared and presented by persons skilled in pleading and the practice of law. (*Carter v. Pierce* (1904), 114 Ill. App. 589.) Technical legal form is not required in the presentation of claims. (*Thomson v. Black* (1902), 200 Ill. 465, 65 N.E. 1092.) The proceeding in probate court for the presentation and allowance of claims is not governed by the technical rules which apply to a formal suit at law. (*In re Estate of Weaver* (1954), 3 Ill. App. 2d 448, 122 N.E.2d 599.) Section 192 requires only that the nature of the claim be set forth and that the claim be sworn to by someone having knowlege of the facts. *In re Estate of Wolfner* (1965), 58 Ill. App. 2d 423, 207 N.E.2d 724.

■■ The requirements of section 192 are comprehensible to any ordinarily intelligent layman. Under these circumstances we do not believe that the filing of a claim against a decedent's estate requires such a degree of legal knowledge and skill as to constitute the practice of law.

Policy considerations support the decision that the filing of a claim against a decedent's estate does not constitute the practice of law. The purpose of the statutory provisions involved here is to facilitate early settlement of the estates of deceased persons. (*Gross v. Estate of Thornson* (1918), 286 Ill. 185, 121 N.E. 600.) To require that the claim of a corporate creditor be filed by an attorney would counter the informal, summary proceedings established by the legislature. The requirement would greatly increase the expense of filing a claim and could discourage the filing of relatively small but just claims.

■■ The Executor, however, contends that a claim is a pleading and that a corporation may not file a pleading *pro se*. (Ill. Rev. Stat. 1975, ch. 32, par. 411.) Section 33 of the Civil Practice Act requires that a pleading contain a statement of the pleader's cause of action, counterclaim, defense or reply. (Ill. Rev. Stat. 1975, ch. 110, par. 33.) Section 192 of the Probate Act does not require that the claim state a formal cause of action. (Ill. Rev. Stat. 1975, ch. 3, par. 192.) Section 196 of the Probate Act allows pleadings to be filed by one whose rights may be affected or at the court's direction. (Ill. Rev. Stat. 1975, ch. 3, par. 196.) Thus, by neither its nature nor the terms of the Probate Act is a claim a pleading.

IMC also contends that the court erred in denying leave to amend the claim and that the Executor breached its fiduciary duty. However, in light of our disposition of IMC's first contention, we need not consider these issues.

For the aforementioned reasons the judgment of the circuit court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.