966

GAIL HANSON KING *et al.*, as Co-Ex'rs, Respondents-Appellants, v. EDITH MAE HANSON, Claimant-Appellee.

First District (3rd Division)   No. 1—88—3284

Opinion filed December 27, 1989.

Rosenfield, Kaplan & Halperin, of Chicago, for appellants.

Daniels & Sheen, Ltd., of Elmhurst (Terence M. Sheen, of counsel), for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

This appeal originated as a result of a judgment on a claim filed by Edith Mae Hanson (claimant) against the estate of Fritz G. Hanson (decedent).

The facts of this case are not in dispute. Claimant was married to the decedent in June 1925. The couple divorced in Minnesota in 1945. The Minnesota divorce decree provided that the decedent was to pay claimant the monthly sum of $125 for alimony and support of the minor children born out of their union. In 1946, decedent left Minnesota and relocated to Illinois. In 1952, claimant also moved to Illinois, and for a period of time, resided across the street from the decedent. Claimant moved to Florida in 1974. Decedent made no payments on the judgment for the past 10 years, and claimant has made no demand for the past-due payments since about 1951. Decedent died in Illinois in 1987.

Claimant filed a claim for $15,000 against the decedent's estate for arrearages of alimony and support accrued from 1977 until decedent's death. The Minnesota decree has never been modified and has remained in full force and effect. Respondents admitted to the existence of the Minnesota judgment and agreed to proceed on the claim under the Illinois Probate Act (Ill. Rev. Stat. 1985, ch. 110½, par. 18—1 et seq.). After an evidentiary hearing and consideration of memorandum of law, the trial court held that the Minnesota judgment was entitled to full faith and credit and that enforcement of the divorce decree was governed by Minnesota law. Accordingly, the court entered a judgment against the decedent's estate for $15,000. Respondent appeals, contending that the trial court erred by finding that Illinois was bound to give the Minnesota judgment full faith and credit. We modify the judgment and affirm.

■ Respondents first contend that the Minnesota judgment was not entitled to full faith and credit. They argue that because the judgment was subject to modification, it was not final, and therefore, it was not entitled to be given credit in Illinois. The full faith and credit

clause of the Constitution compels recognition of valid, nonmodifiable judgments of sister States. (*Sistare v. Sistare* (1910), 218 U.S. 1, 54 L. Ed. 905, 30 S. Ct. 682; *Griffin v. Griffin* (1945), 327 U.S. 220, 90 L. Ed. 635, 66 S. Ct. 556.) Full faith and credit requires that a judgment be given the same conclusive effect in the forum State as it has in the rendering State, and the judgment is subject only to such pleas and defenses as would be permissible in the State where the judgment was rendered. (*Haas v. Haas* (1969), 282 Minn. 420, 165 N.W.2d 240, *overruled on other grounds, Matson v. Matson* (Minn. 1981), 310 N.W.2d 502.) It is well settled that the forum State must apply the laws of the rendering State to determine the extent of modification of a judgment. (*Sullivan v. Sullivan* (1981), 98 Ill. App. 3d 928, 932, 424 N.E.2d 957.) Minnesota courts have held that so long as a judgment for alimony and support in installments is absolute in its terms and remains unmodified, or at least until an application for modification has been made, it is final as to installments which have accrued and is entitled to full faith and credit in the courts of a sister State in an action founded upon it. *Tell v. Tell* (Minn. 1986), 383 N.W.2d 678; *Dent v. Casaga* (1973), 296 Minn. 292, 296, 208 N.W.2d 734, 737; *Holton v. Holton* (1922), 153 Minn. 346, 190 N.W. 542, *overruled on other grounds, Matson v. Matson* (Minn. 1981), 310 N.W.2d 502.

The current Minnesota statute concerning modification of maintenance and support orders provides, in pertinent part:

"Subd. 1. After an order for maintenance or support money temporary or permanent, or for the appointment trustees to receive property awarded as maintenance or support money, the court may from time to time, on petition of either of the parties or on petition of the public authority responsible for support enforcement, modify the order respecting the amount of maintenance or support money, and the payment of it *** except as herein otherwise provided.

Subd. 2. Modification. *** A modification of support or maintenance may be made retroactive only with respect to any period during which the petitioning party has pending a motion for modification but only from the date of service of notice of the motion on the responding party. (Minn. Stat. §518.64 (1989).)

Prior to April 1988, a modification to decrease support or maintenance would be retroactive only with respect to any period during which the support obligor had a motion pending for modification. A modification which would increase support or maintenance would not be retroactive unless the obligor had not substantially complied with

the previous order. (Minn. Stat. Ann. §518.64 (West 1969).) Claimant argues that since the judgment was never modified, it was not subject to modification. We cannot agree with claimant's reasoning. The fact that the judgment was not modified does not automatically convert it to nonmodifiable status. Our reading of the current statute is that installments which have accrued prior to the filing of a petition to modify are not subject to retroactive modification. Prior to April 1988, and at the time this action was commenced, petitions to increase support or maintenance did not preclude retroactive modification of past-due installments. Only modifications which decreased support limited the extent of modification.

■ *Sistare* stands for the proposition that full faith and credit requires the forum State to recognize installments accrued under the decree of the rendering State unless accruals are subject to retrospective modification in the rendering State. (218 U.S. at 16-17, 54 L. Ed. at 910-11, 30 S. Ct. at 686.) This proposition is grounded on the assumption that finality is a prerequisite to full faith and credit. Under Minnesota law, even though the decree may be subject to modification, it is treated as final. Thus, under *Sistare* the judgment is entitled to be given full faith and credit.

However, even if we were not bound under *Sistare* to give credit to the judgment, we believe that the decision in *Light v. Light* (1958), 12 Ill. 2d 502, 147 N.E.2d 34, would require it. In *Light* the Illinois Supreme Court held that a Missouri alimony decree was entitled to full faith and credit with respect both to unpaid accrued installments and to modifiable future installments regardless of whether it was subject to retroactive modification. The *Light* court placed great reliance on the language in Justice Jackson's concurring opinion in *Barber v. Barber* (1944), 323 U.S. 77, 89 L. Ed. 82, 65 S. Ct. 137, that the full faith and credit clause neither requires finality nor, for that matter, even mentions judgments. Therefore, even if the judgment is modifiable, under *Light*, Illinois will give it full faith and credit.

Respondents argue that the policy reasons which supported the *Light* decision are not present in the instant case, and therefore, full faith and credit need not be given to the judgment. In *Light*, the court stated that full faith and credit was required lest the States "become sanctuaries within which obligations which have been fully and fairly adjudicated in another jurisdiction may be escaped." (*Light*, 12 Ill. 2d at 510.) We agree that the court there was concerned with a somewhat different situation than exists in the present case. However, we see no reason why the decedent should be permitted to escape through death that which he was legally bound to do when he

was living. We conclude that the trial court was correct in deciding that full faith and credit should be given to the Minnesota judgment.

Respondents' second contention on appeal is that Illinois law should govern enforcement of the Minnesota judgment and that under Illinois law, enforcement would be barred by the statute of limitations, *laches*, and equitable estoppel. Claimant contrarily argues that Minnesota law governs and that under Minnesota law, equitable defenses are not available to defeat a claim for accrued alimony and support. Respondent's argument, which is premised on the argument that the claim should not be given full faith and credit, must fail. As was noted above, the effect of giving full faith and credit to a sister State's judgment is to permit only those defenses to enforcement which the rendering State would permit. The Minnesota courts have consistently held that equitable defenses are not available in an action based on accrued payments due under a divorce decree. *Miller v. Miller* (Minn. 1985), 370 N.W.2d 481; *Ryan v. Ryan* (1974), 300 Minn. 244, 219 N.W. 912.

■ Respondent argues that claimant has been silent for 42 years and that she should not now be permitted to collect on her judgment. The record clearly demonstrates that claimant is not attempting to recover payments for the 42 years since the entry of the judgment. She seeks only to recover those payments which have accrued for the 10 years preceding the death of the decedent. In Minnesota, each installment for support is treated separately and recovery is allowed for those payments which accrue within 10 years from the date of the commencement of the action. *Dent,* 292 Minn. at 297, 208 N.W.2d at 737.

In the case at bar, the claim to recover accrued support payments was filed on October 28, 1987. Therefore, only those installments which accrued from and after October 28, 1977, until July 21, 1987, when decedent died, would be recoverable. Neither party raises as an issue the correctness of the amount of the judgment. However, we note that the trial court incorrectly rendered a judgment on payments within the 10-year period, inclusive of a two-month period after the death of the decedent. This court, *sua sponte*, reduces the judgment to reflect the correct amount. Accordingly, the judgment of the trial court is reduced from $15,000 to $14,750.

■ Respondents also argue that since the claim was filed in Illinois, that was tantamount to the registration of a foreign judgment and therefore the laws of Illinois should govern. We disagree. We note that the procedural formalities which are attendant to the registration of a foreign judgment are not present here. Further, respondents ad-

mitted to the existence of the Minnesota decree and in order to "obviate [claimant's] problem in enrolling the Minnesota judgment [respondents] said [they] would admit it." The Minnesota judgment was valid and "final." Respondents point to no valid reason which would lead this court to find that recognition and enforcement of the judgment was improper.

For the foregoing reasons we modify the judgment of the circuit court and affirm.

Affirmed as modified.

WHITE and CERDA, JJ., concur.