# Illinois Official Reports

## Appellate Court

---

### *Craig v. Zink*, 2016 IL App (4th) 150939

---

| | |
|---|---|
| Appellate Court Caption | DEBORAH CRAIG, as Administratrix for the Estate of Rebecca Craig, Plaintiff-Appellant, v. STEVEN R. ZINK, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-15-0939 |
| Filed | September 27, 2016 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 14-P-199; the Hon. Paul G. Lawrence, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Jack C. Vieley, of Bloomington, for appellant.<br><br>Robert W. Porter and Brian P. Garwood, both of Costigan & Wollrab, P.C., of Bloomington, for appellee. |
| Panel | PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Holder White and Steigmann concurred in the judgment and opinion. |

## OPINION

¶ 1    On July 6, 2014, Rebecca Craig died intestate leaving one child, Deborah Craig, as her only living heir. In August 2014, the trial court appointed Deborah Craig as administratrix of the estate of Rebecca Craig (Estate). In February 2015, Steven R. Zink filed a claim against the Estate. In November 2015, the trial court entered a written order (1) striking with prejudice the Estate's amended affirmative defenses against Zink's claim and (2) dismissing with prejudice the Estate's second amended counterclaim against Zink.

¶ 2    The Estate appeals, arguing the trial court erred by (1) applying the wrong legal standard to evaluate the sufficiency of its pleadings and (2) finding its amended affirmative defenses were insufficient as a matter of law and its second amended counterclaim failed to state a cause of action. In the alternative, the Estate asserts, even if it its pleadings contained technical deficiencies, the court erred by not allowing it an additional opportunity for amendment. We reverse and remand with directions.

¶ 3                                I. BACKGROUND

¶ 4    In February 2015, Zink filed a claim against the Estate for the amount of $188,660.70. Zink alleged:

> "The nature of the [c]laim is partly for services rendered in the amount of $167,400.00 to and for the benefit of the decedent by the [c]laimant while acting as the decedent's personal caretaker. In addition, the [c]laimant performed maintenance and upkeep on the decedent's home in the amount of $18,335.53 and made car loan payments on behalf of the decedent in the amount of $2,925.17."

¶ 5    In March 2015, the Estate filed a (1) motion to dismiss Zink's claim and (2) counterclaim against Zink. As to its motion to dismiss, the Estate asserted Zink's claim consisted of factual and legal conclusions and was barred by other affirmative matter. As to its counterclaim, the Estate sought (1) in excess of $500,000 for domestic services decedent provided to Zink over the course of 14 years while Zink lived in decedent's residence and (2) one-half of the monies owed for decedent's funeral and grave marker expenses.

¶ 6    On April 8, 2015, Zink filed a (1) response to the Estate's motion to dismiss and (2) motion to strike the Estate's counterclaim under section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2014)). As to his response to the Estate's motion to dismiss, Zink asserted (1) section 18-2 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/18-2 (West 2014)) did not require formal pleading in presenting a claim, (2) his written claim provided sufficient information to notify the Estate of the nature of the claim, and (3) the affirmative matters raised were not proper bases for dismissal. As to his motion to strike the Estate's counterclaim, defendant asserted, under section 2-608(b) of the Civil Code (735 ILCS 5/2-608(b) (West 2014)), the Estate's counterclaim was improper as it was filed without an answer to defendant's claim.

¶ 7    On April 27, 2015, the Estate filed a (1) reply to Zink's response to its motion to dismiss Zink's claim and (2) response to Zink's motion to strike its counterclaim. As to its reply to Zink's response to its motion to dismiss Zink's claim, the Estate admitted formal pleading was unnecessary in presenting a claim but maintained Zink's claim was insufficient as it failed to allege the dates the alleged services were rendered. As to its response to Zink's motion to strike

its counterclaim, the Estate asserted, under section 18-5(a) of the Probate Act (755 ILCS 5/18-5(a) (West 2014)), it properly filed its counterclaim within 30 days of receiving Zink's claim.

¶ 8    In May 2015, Zink filed a reply to the Estate's response to his motion to strike the Estate's counterclaim. Zink asserted, while section 18-5(a) of the Probate Act (*id*.) indicates the administrator of an estate may file a counterclaim in response to a claim within 30 days of the receipt of the claim, it did not indicate the administrator may prosecute a counterclaim without first filing an answer to the claim.

¶ 9    On June 12, 2015, the trial court held a hearing on (1) the Estate's motion to dismiss Zink's claim and (2) Zink's motion to strike the Estate's counterclaim. A transcript from the hearing or a bystander's report is not included in the record on appeal. A docket entry indicates the court (1) denied the Estate's motion to dismiss Zink's claim and (2) granted Zink's motion to strike the Estate's counterclaim. The Estate was given 30 days to file an answer and an amended counterclaim.

¶ 10    On June 16, 2015, the Estate filed a pleading titled "Answer to Claim of [Zink], Affirmative Defenses, and Amended Counterclaim." The Estate's answer denied being indebted to Zink for any amount alleged in his claim. As to its affirmative defenses, the Estate alleged Zink's claim was barred by (1) the statute of frauds, (2) decedent's 2008 discharge in bankruptcy, (3) the facts alleged in its counterclaim, (4) the "clean hands" doctrine due to past financial dealing with decedent and the Estate's administratrix, (5) any setoff of any jury award on its counterclaim, and (6) the reasons set forth in its previously denied motion to dismiss. As to its amended counterclaim, the Estate largely mirrored its original counterclaim.

¶ 11    On July 6, 2015, Zink filed motions under section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2014)) to (1) strike the Estate's affirmative defenses and (2) dismiss the Estate's amended counterclaim. As to his motion to strike the Estate's affirmative defenses, Zink asserted, citing section 2-613(d) of the Civil Code (735 ILCS 5/2-613(d) (West 2014)), the Estate failed to adequately plead the factual bases of its affirmative defenses. As to his motion to dismiss the Estate's amended counterclaims, Zink asserted the Estate's counterclaim failed to allege the necessary elements to entitle it to recovery and proffered fact-deficient, conclusory statements.

¶ 12    On July 31, 2015, the Estate filed responses to Zink's motions to strike its affirmative defenses and dismiss its amended counterclaim. The Estate asserted it sufficiently set forth its affirmative defenses and amended counterclaim, as formal pleadings were not required under the Probate Act.

¶ 13    In August 2015, Zink filed replies to the Estate's responses to its motions to strike the Estate's affirmative defenses and dismiss the Estate's amended counterclaim. Zink argued, because the Probate Act mandated the Civil Code to apply to all proceedings under the Probate Act unless otherwise provided (755 ILCS 5/1-6 (West 2014)), and the Probate Act was silent as to the nature or form of an affirmative defense or counterclaim, the Estate was required to plead its affirmative defenses and amended counterclaim within the strictures of the Civil Code.

¶ 14    On September 2, 2015, the trial court held a hearing on Zink's motion to (1) strike the Estate's affirmative defenses and (2) dismiss the Estate's counterclaim. A transcript from the hearing or a bystander's report is not included in the record on appeal. The court entered a

written order granting Zink's motions but allowing the Estate to replead in accordance with the Civil Code.

¶ 15    On September 16, 2015, the Estate filed a pleading titled "Amended Answer to Claim of [Zink], Amended Affirmative Defenses, and [Second] Amended Counterclaim." In its amended answer, the Estate again denied any allegation it was indebted to Zink for the sum alleged in his claim. As to its amended affirmative defenses, the Estate elaborated on its previously raised affirmative defenses. As to its second amended counterclaim, the Estate largely mirrored its original counterclaim but divided it into two counts: "Admin[i]strator's *Quantum Meruit* Claim against Zink" (count I) and "ZINK's Breach of Contract to Pay Decedent's Funeral Expenses" (count II). Count I alleged Zink became obligated to pay a reasonable sum for domestic services provided by decedent based upon a breach of an "implied contract" that was "formed by the respective parties" and *quantum meruit*. Count II alleged Zink breached a contract to pay one-half of decedent's funeral bill and grave marker expenses "based upon his continuing relationship, friendship, and subsequent financial dealings, sales, and discounts with the Administrator of the decedent's estate."

¶ 16    In October 2015, Zink filed motions under section 2-615 of the Civil Code (735 ILCS 5/2-615 (West 2014)) to (1) strike the Estate's amended affirmative defenses and (2) dismiss the Estate's second amended counterclaim. As to his motion to strike the Estate's amended affirmative defenses, Zink again asserted, citing section 2-613(d) of the Civil Code (735 ILCS 5/2-613(d) (West 2014)), the Estate failed to adequately plead the factual bases of its affirmative defenses. As to his motion to dismiss the Estate's second amended counterclaim, Zink asserted the Estate failed to state a cause of action in (1) count I, as it alleged contradictory theories of recovery for a breach of an "implied-in-fact" contract and *quantum meruit*, and (2) count II, as it alleged conclusory statements in attempting to establish consideration underlying the alleged oral contract.

¶ 17    On November 9, 2015, the Estate filed responses to Zink's motions to strike its amended affirmative defenses and dismiss its second amended counterclaim. The Estate argued it sufficiently set forth its amended affirmative defenses and second amended counterclaim, as the strict pleading standards contained in the Civil Code were inapplicable to probate proceedings.

¶ 18    On November 17, 2015, Zink filed replies to the Estate's responses to his motions to strike the Estate's amended affirmative defenses and dismiss the Estate's second amended counterclaim. Zink maintained the Estate's pleadings were insufficient under the Civil Code.

¶ 19    On November 24, 2015, the trial court held a hearing on Zink's motion to (1) strike the Estate's amended affirmative defenses and (2) dismiss the Estate's second amended counterclaim. A transcript from the hearing or a bystander's report is not included in the record on appeal. In a written order, the court found the Estate's (1) amended affirmative defenses were insufficient as a matter of law and (2) second amended counterclaim failed to state a cause of action for "breach of an implied in fact contract, *quantum meruit*, [or] breach of an oral contract." The court struck and dismissed the Estate's respective pleadings with prejudice.

¶ 20    This appeal followed.

II. ANALYSIS

On appeal, the Estate argues the trial court erred by (1) applying the wrong legal standard to evaluate the sufficiency of its pleadings and (2) finding its amended affirmative defenses were insufficient as a matter of law and its second amended counterclaim failed to state a cause of action. In the alternative, the Estate asserts, even if it its pleadings contained technical deficiencies, the court erred in not allowing it an additional opportunity for amendment.

The Estate asserts the trial court erred in evaluating its pleadings under the strict pleading requirements of the Civil Code (see 735 ILCS 5/2-613, 2-608 (West 2014)) rather than the more relaxed pleading standards typically applied during probate proceedings. Zink maintains the trial court properly assessed the Estate's pleadings under the Civil Code.

Whether the trial court applied the proper legal standard is a question of law, subject to *de novo* review. *In re Estate of K.E.S.*, 347 Ill. App. 3d 452, 461, 807 N.E.2d 681, 688 (2004). We are presented with a question of statutory interpretation. The cardinal rule of statutory interpretation is to ascertain and give effect to the true intent and meaning of the legislature, presuming it did not intend to create absurd, inconvenient, or unjust results. *Price v. Philip Morris, Inc.*, 2015 IL 117687, ¶ 30, 43 N.E.3d 53. We begin with the statutory language, which is the best indication of the legislature's intent. *Id.*

Section 18-2 of the Probate Act (755 ILCS 5/18-2 (West 2014)) sets forth the pleading requirements for a claim against an estate: "Every claim filed must be in writing and state sufficient information to notify the representative of the nature of the claim or other relief sought." Section 18-5(a) of the Probate Act (755 ILCS 5/18-5(a) (West 2014)) provides: "The representative or any other person whose rights may be affected by the allowance of a claim or counterclaim may file pleadings with the clerk of the court within 30 days after mailing or delivery of the copy of the claim. A claim or counterclaim may be filed in favor of the estate and against any claimant named in the claim."

The Probate Act does not provide the pleading requirements for an affirmative defense to a claim or counterclaim against a claimant. Section 1-6 of the Probate Act (755 ILCS 5/1-6 (West 2014)) provides: "The Civil Practice Law [(Article II of the Civil Code)] and all existing and future amendments and modifications thereof and the Supreme Court Rules now or hereafter adopted in relation to that Law shall apply to all proceedings under this Act, except as otherwise provided in this Act." While the plain language of section 1-6 suggests an affirmative defense to a claim or counterclaim against a claimant must be pleaded within the strictures of the Civil Code, we must determine if such an interpretation would create an unjust result.

Under the Probate Act, the trial court's function is to serve "as an overseer to the payment of claims against the estate and the distribution of the remaining assets to the beneficiaries and creditors." *In re Estate of Andernovics*, 197 Ill. 2d 500, 509, 759 N.E.2d 501, 506-07 (2001). The Probate Act is intended to "facilitate early settlement of the estates of deceased persons." *In re Estate of Piper*, 59 Ill. App. 3d 325, 327, 375 N.E.2d 477, 479 (1978). "[C]laims against an estate should be scrutinized with care and should not be allowed except on clear proof." *Andernovics*, 197 Ill. 2d at 508-09, 759 N.E.2d at 506.

It is well established a claim against an estate is not a pleading within the meaning of the Civil Code, and it need not set forth a formal cause of action. *Sheetz v. Morgan*, 98 Ill. App. 3d 794, 800-01, 424 N.E.2d 867, 872 (1981); see also *Piper*, 59 Ill. App. 3d at 327, 375 N.E.2d at 479; *Hobin v. O'Donnell*, 115 Ill. App. 3d 940, 942, 451 N.E.2d 30, 32 (1983); *In re Estate of*

*Wagler*, 217 Ill. App. 3d 526, 529, 577 N.E.2d 878, 880 (1991); 755 ILCS 5/18-2 (West 2014). It is also well established that proceedings in probate court for the allowance of claims are not governed by the technical rules which apply to a formal suit at law. See *In re Estate of Weaver*, 3 Ill. App. 2d 448, 452, 122 N.E.2d 599, 601 (1954); *Piper*, 59 Ill. App. 3d at 327, 375 N.E.2d at 479; *Sheetz*, 98 Ill. App. 3d at 800, 424 N.E.2d at 871-72; *Wagler*, 217 Ill. App. 3d at 529, 577 N.E.2d at 880. In fact, our courts have found, given "the informal, summary proceedings established by the legislature," laypersons may file claims against an estate. *Piper*, 59 Ill. App. 3d at 327, 375 N.E.2d at 479.

¶ 29    Zink cites *In re Estate of Brauns*, 330 Ill. App. 322, 324, 71 N.E.2d 364, 365 (1947), in support of his assertion an affirmative defense to a claim and counterclaim against a claimant must be pleaded within the strictures of the Civil Code. In response, the Estate asserts, while "[t]he *Brauns* decision appears to hold that the strict pleading requirements of the [Civil Code] apply to all proceedings under the Probate Act," that decision "appears to be an aberration." Our review of *Brauns* has led us to *Andernovics*, which neither party cites. In *Andernovics*, 197 Ill. 2d at 508, 759 N.E.2d at 506, our supreme court rejected the suggestion "*Brauns* stands for the broad proposition that the sufficiency of an answer to a probate claim must be determined under the [Civil Practice Act (now the Civil Code)]." Rather, the court distinguished *Brauns* as being decided under a specific provision of the Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, ¶ 159) addressing allegations concerning the execution of a written instrument. Accordingly, we find *Brauns* to be of little persuasive value.

¶ 30    The Estate cites *In re Estate of Sarron*, 317 Ill. App. 3d 402, 404-05, 736 N.E.2d 133, 135 (2000), in support of its assertion an affirmative defense to a claim and counterclaim against a claimant should not be held to the strict pleading standards of the Civil Code. In response, Zink asserts *Sarron* is inapposite, as it did not consider the specificity with which an affirmative defense or counterclaim need be pleaded. In *Sarron*, 317 Ill. App. 3d at 404, 736 N.E.2d at 134, the estate raised a statute-of-limitations defense to a claim for the first time in a posttrial motion. *Id.* The claimant, citing section 1-6 of the Probate Act (755 ILCS 5/1-6 (West 1998)), asserted the estate's affirmative defense was forfeited, as the Civil Code required an affirmative defense to be set forth in the reply to a claim. *Sarron*, 317 Ill. App. 3d at 404, 736 N.E.2d at 135. The court disagreed, finding:

    "It has long been the law in Illinois *** that pleadings under the Probate Act are more relaxed in form than pleadings under the Civil Practice Law. The proceedings in a probate court for the presentation and allowance of claims are not governed by the technical rules that apply to formal suits at law. [Citation.] Because no formal pleadings are required in the probate court, the statute of limitations applies even though not specially pleaded. [Citations.]" *Id.*

¶ 31    We agree with *Sarron*, to the extent it suggests pleadings filed as part of a probate proceeding, including a reply to a claim raising an affirmative defense or a counterclaim, should be evaluated under more relaxed standards than pleadings in a formal suit at law. Where an individual may file a fact-deficient but legally sufficient claim against an estate, it necessarily follows an estate must be given a degree of latitude in replying to that claim. A relaxed pleading standard facilitates the early settlement of an estate while assuring a court has the ability to scrutinize the claim and any possible defenses or counterclaims and allow a claim or counterclaim only on clear proof. While the legislature did not specifically set out the pleading standards for a reply to a claim raising an affirmative defense or a counterclaim in a

- 6 -

probate proceeding, we find the legislature, to avoid an unjust result, intended those pleadings to be evaluated under more relaxed standards than pleadings in a formal suit at law. At the same time, we note the purpose of the Probate Act, to facilitate the early settlement of an estate, has not been met in this case.

## III. CONCLUSION

We reverse the trial court's judgment evaluating the Estate's pleadings under the Civil Code and remand for further proceedings consistent with this opinion. We voice no opinion on the merits of the Estate's affirmative defenses or counterclaim.

Reversed and remanded.