D. M. JUDKINS-DAVIES, APPELLANT, V. FRANK SKOCHDOPOLE ET AL., APPELLEES.

FILED JANUARY 29, 1932. No. 28007.

*J. E. Ray* and *Earl L. Hunter,* for appellant.

*Mayer, Kroger & Mayer, contra.*

Heard before GOSS, C. J., EBERLY and PAINE, JJ., and BEGLEY and ELDRED, District Judges.

PER CURIAM.

This is a controversy as to the priority of certain mortgage liens on a quarter section of land in Sherman county. In a foreclosure proceeding the district court decreed Arthur C. Mayer's $3,500 mortgage to be a first lien on the south half of the quarter section and his $2,500 mortgage to be a first lien on the north half of the quarter section. This was in accord with the stipulation of all parties on the trial. The decree also adjudicated the $5,000 mortgage of F. J. Coates to be a second lien on the whole of the quarter section and the $2,400 mortgage of the plaintiff to be a third lien on the whole of the quarter section. Plaintiff appealed on the ground that the court erred in not ranking her lien ahead of that of Coates.

Plaintiff is a doctor at Ingleside in Adams county. She kept an account in the Citizens State Bank of Ravenna. A. E. Erazim, of Ravenna, in the north part of Buffalo

county near the Sherman county line, was the cashier and in active management of the bank. F. J. Coates, residing at Grand Island, was the president of the bank, and generally visited it once a month for a few hours. The evidence shows that, from time to time since 1924, plaintiff's surplus funds from her account in the bank had been invested locally at Ravenna in mortgages, warrants and unsecured temporary loans. These investments, totaling a substantial amount, were placed by Mr. Erazim, who reported to Mrs. Davies from time to time as to the securities in which he had made investments for her. None of the matters were handled by any one else. He himself borrowed $1,400 of her and gave his note therefor. The business was done by correspondence. No criticism was made as to any of the dealings except as to the $2,400 mortgage.

In June, 1927, the Penn Mutual Life Insurance Company commenced a foreclosure of an $8,000 mortgage on this land, owned by defendant Frank Skochdopole, and on which the bank then held a second mortgage of $5,000. To refinance and pay off the liens on the land, Skochdopole, on April 6, 1928, made the two Mayer mortgages, aggregating $6,000; and on April 21, 1928, made a new mortgage to the Citizens State Bank of Ravenna for $5,000, containing a recital—"subject to first mortgages of $2,500 and $3,500 respectively." At the same time he made the $2,400 mortgage to A. E. Erazim containing the recital—"subject to previous incumbrances." On May 4, 1928, Erazim assigned this mortgage to plaintiff and on May 11, 1928, the bank assigned the $5,000 mortgage to Coates. Both mortgages had been sent by mail for record at the county seat in the same envelope without any instructions as to which should be filed first or which should have priority. Both were filed for record at the same moment, as shown by the indorsements made by the county clerk. But the $2,400 mortgage was first entered on the numerical index, and in recording them the $2,400 mortgage was on the next page preceding the record of the $5,000 mortgage.

Erazim testified it was his plan when it was made to have the $5,000 mortgage subject to the Mayer mortgages and the $2,400 mortgage as a third mortgage. He testified that, when he sold the $5,000 mortgage to Coates, he told Coates it was a second mortgage, and Coates bought it and paid for it in that belief. Coates testified that Erazim told him there were rather heavy cash withdrawals from the bank and he needed cash to keep up the cash balance and Coates informed him he would supply it. They went through the note case until they came to the Skochdopole $5,000 note. Erazim informed him how it was secured and told him it was a second mortgage. It was on a piece of land Coates knew. He took that and other notes and gave a check for the full amount of the various notes, paying $5,000 and accrued interest for the note and mortgage. The note and mortgage were assigned to him and he took them home to Grand Island. The bank closed about a year and a half later. He needed money and tried to sell his mortgage to plaintiff. Once at the home of a friend of both parties in Ravenna, and again at Mayer's office in Grand Island, Coates testified, he and plaintiff discussed the mortgage on the Skochdopole land and she never claimed hers was prior to his until later when her attorney looked the matter up and found hers was recorded ahead of his. Plaintiff testified she never knew until after the bank failed and she received the papers that hers "was not a first mortgage."

The mere fact that the $2,400 mortgage was indexed and recorded just ahead of the $5,000 mortgage does not, of itself, give it priority. Section 76-217, Comp. St. 1929, in the circumstances of their delivery by mail without instructions, requires them to "be considered recorded from the time of such delivery." By its terms the $5,000 mortgage was expressly made subject only to the Mayer mortgages, and by its terms the $2,400 mortgage was expressly made subject to all previous incumbrances. The evidence further shows that Erazim did all the business with both Skochdopole and Mrs. Davies and Coates had no

part in relation to either except as he learned from the securities and from Erazim; that it was understood between Erazim and Skochdopole that the $2,400 mortgage was subject to the others; and that, at the time the parties purchased the mortgages, the land was worth $16,000.

It thus appears that it is a disputed question of fact, to be determined from the evidence, which of the two mortgages is prior. We are impressed by reading it, as we were on its recital on the oral argument, that the trial court, who saw and heard the witnesses, was right in the finding and order as to the priority. Therefore, the judgment of the district court is

AFFIRMED.