461 So.2d 272 (1985)
SUMMIT POOL SUPPLIES, INC., Appellant,
v.
Philip W. PRICE, As Personal Representative of the Estate of John W. Beresford, Deceased, Appellee.
No. 83-1558.
District Court of Appeal of Florida, Fifth District.
January 3, 1985.
*273 Michael T. Kovach, Inverness, for appellant.
George H. Anderson III, John Crider, P.A., Crystal River, for appellee.
Douglas L. Stowell, Mang & Stowell, P.A., Tallahassee, for amicus curiae, Fla. Funeral Directors Ass'n.
ORFINGER, Judge.
We are confronted with the issue of whether a corporate creditor of a decedent may file its own written statement of claim in the estate proceedings, or whether such claim may be filed only by an attorney at law licensed to practice in this state. We hold that the statement of claim may be filed by the corporate creditor, and reverse the order of the probate court holding to the contrary.
Appellant, by its corporate president, filed a $250.00 claim in the estate for work performed for decedent. Appellee, as personal representative, filed a motion to strike the claim on the sole ground that the claim was void ab initio because it was presented by a corporation and not signed by an attorney at law. At the hearing, at which appellant was represented by counsel, the court granted the motion and struck the claim.
Section 733.703, Florida Statutes (1983), states, in pertinent part:

Form and manner of presenting claim.  A creditor shall file with the clerk a written statement of the claim, indicating its basis, the name and address of the creditor or his agent or attorney, and the amount claimed. The claim is presented when filed.
While the statute does not define "creditors," it does define "claims" as liabilities of the decedent, whether arising in contract or tort, or otherwise, and funeral expenses. Fla. Stat. § 731.201(4) (1983). The word "creditor" is generally defined as a person to whom a debt is owing by another person, who is the debtor. Black's Law Dictionary, (rev. 5th ed. 1979). Thus a creditor is one who holds a "claim." Appellee insists that we should construe section 733.703 to mean that individual creditors may file a claim in proper person but, because corporations may not practice law, corporations may file their claims only through an attorney.
We reject this argument for two reasons. First, there is nothing in the statute *274 itself which suggests that interpretation. It is a matter of common knowledge that "claims" may be held by corporate creditors as well as by individuals. The statute makes no distinction; it merely refers to creditor[s]. Section 733.212, Florida Statutes (1983), requires the personal representative to publish a notice of administration which, among other things, requires all interested persons to file with the court, within three months of the first publication of the notice, all claims against the estate. Section 1.01(3), Florida Statutes (1983) defines "persons" as including corporations. Read in pari materia with section 733.703, these statutes permit corporate creditors as well as individual creditors to file their claims in the estate. We thus see no statutory basis for appellee's position.
Moreover, the filing of a statement of claim against an estate is not an appearance in court or the filing of a "pleading" and therefore is not the practice of law.[1] The filing of a statement of claim in an estate proceeding requires no action by the court. It is merely a procedural step in the administration of an estate whereby the personal representative is advised, within the statutorily limited time, who the creditors are and what their claims amount to. Thus, the filing of a statement of claim is nothing more than presenting a bill to the personal representative in the manner required by the statute.
Because a statement of claim by a creditor is not a pleading or a court appearance, and because nothing in the statute proscribes the filing of a statement of claim by a corporate creditor, it was error for the probate court to strike appellant's claim for that reason alone. We reverse the order striking the claim and remand the cause to the trial court for further proceedings.
REVERSED and REMANDED.
DAUKSCH, and COWART, JJ., concur.
NOTES
[1] This court has held that generally a corporation may not appear in court "in proper person" and represent itself, nor may a corporate officer, not an attorney, sign a pleading on behalf of the corporation. Daytona Migi Corporation v. Daytona Automotive Fiberglass, Inc., 417 So.2d 272 (Fla. 5th DCA 1982). An exception to this general rule is found in the Rules of Summary Procedure (RSP), 7.050(2) by virtue of which a corporation may represent itself in actions in the county courts where the demand or the value of the property claimed does not exceed $1,500.00. Although we do not decide this case on this basis, it would be illogical to require the appellant to have an attorney file its $250.00 claim against the estate when the appellant could, under the Rules of Summary Procedure, then file its action against the estate without the use of an attorney.