CORRECTED OPINION

PER CURIAM.
The opinion filed November 9, 1994, is withdrawn, and this opinion is substituted in its place.
Mike Segal, P.A. (Segal) filed suit against Pharmafax, Incorporated for $32,037.98 in unpaid legal fees. The complaint named Pharmafax, Incorporated, as a defendant, but did not name as a defendant Pharmafax, Limited, a limited partnership of which Phar-mafax, Incorporated, is the general partner. Segal obtained service of process on Pharma-fax, Incorporated, by serving its president, Jose Regalado, in his capacity as president of Pharmafax, Incorporated. Pharmafax, Incorporated, did not answer the complaint, and Segal’s attorney later prepared a settlement stipulation to settle the suit. This stipulation listed not only Pharmafax, Incorporated, but also Pharmafax, Limited, as parties to the suit. Regalado signed the stipulation on May 3, 1990, on behalf of both entities, and the stipulation was filed with and approved by the trial court. Neither Phar-mafax, Incorporated, nor Pharmafax, Limited, were represented by counsel at that time.
Pharmafax, Incorporated, later breached the settlement stipulation by failing to make a required payment which was due on February 1, 1991. Consequently, on March 5, 1991, Segal obtained an ex parte final judgment against Pharmafax, Incorporated, and Pharmafax, Limited. The judgment was for the outstanding balance owed ($7,911.78), plus attorney’s fees ($1,000), and was obtained pursuant to the terms of the settlement stipulation, which provided for the entry of a final judgment for the outstanding balance upon a missed payment.
On August 6,1991, Pharmafax, Incorporated, and Pharmafax, Limited, each filed Florida Rule of Civil Procedure 1.540 motions to set aside the judgment, and to set aside the court-approved settlement stipulation. The trial court denied the motions, and both Pharmafax, Incorporated, and Pharmafax, Limited, now appeal.
We have considered the arguments made by Pharmafax, Incorporated, and conclude that because it demonstrated no basis for relief, the trial court properly denied its motion.
In addition to the arguments made by Pharmafax, Incorporated, Pharmafax, Limited, argues that the judgment is void as to it because of a lack of jurisdiction, due to the fact that Pharmafax, Limited, was never named as a defendant or served in Segal’s initial suit. We disagree. Any jurisdictional *1246 defect was cured by the settlement stipulation, in which Pharmafax, Limited, expressly waived service and submitted itself to the court’s jurisdiction. The stipulation stated:
PHARMAFAX, LTD., a Florida limited partnership does hereby jointly and severally unconditionally guarantee the payments to be made by Defendant PHAR-MAFAX, INC. herein, and as a result, by its signature on this Stipulation, does hereby submit itself as an additional party Defendant to this lawsuit. PHARMA-FAX, LTD. does hereby waive initial service of process upon it, and voluntarily submits itself to the jurisdiction of this Court for the purpose of enforcing this Stipulation.
This agreement was specifically executed on behalf of Pharmafax, Limited, by Regalado, who duly signed it, on behalf of Pharmafax, Limited, as President of Pharmafax, Incorporated, Pharmafax, Limited’s general partner. The stipulation was later submitted to and approved by the trial court, thus bringing Pharmafax, Limited, under the court’s jurisdiction.
Moreover, the fact that the stipulation was submitted to the court while Pharmafax, Incorporated, was not represented by an attorney does not vitiate its effectiveness. We recognize that a corporation may normally appear in our courts only through an attorney. See Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985) (“It is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney.”); Punta Gorda Pines Dev., Inc. v. Slack Excavating, Inc., 468 So.2d 438, 439 (Fla. 2d DCA 1985) (a corporation may only file pleadings through an attorney); Hub Fin. Corp. v. Olmetti 465 So.2d 618, 619 (Fla. 4th DCA 1985) (a corporation cannot represent itself at trial). However, submitting to the trial court’s jurisdiction is a decision that may be made by the proper corporate agent, without the formality of an attorney’s representation, since it does not amount to a “court appearance”, but, rather, is a decision that can be made by any party, including a corporate party. See Summit Pool Supplies, Inc. v. Price, 461 So.2d 272, 274 (Fla. 5th DCA 1985) (a corporation need not use an attorney to file a claim against a decedent’s estate because the filing of a claim is not a court appearance or a pleading). Consequently, despite the fact that Regalado was not an attorney, he properly submitted Pharmafax, Limited, to the trial court’s jurisdiction when the stipulation he signed was accepted by the trial court.
Therefore, we conclude that the judgment entered pursuant to the settlement stipulation was valid, and Pharmafax, Limited’s, motion for relief from that judgment was also properly denied.
The judgment under review is affirmed in its entirety.