275 Neb. 297
IN RE ESTATE OF RICHARD N. COOPER, DECEASED.
JOE M. RICHARDSON, SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD N. COOPER, DECEASED, ET AL., APPELLEES,
v.
FIRST TENNESSEE BANK, NATIONAL ASSOCIATION, APPELLANT.
No. S-06-1016.
Supreme Court of Nebraska.
Filed March 28, 2008.
Richard J. Gilloon, Michelle b. Miller, Charles D. Humble, and bradley B. Mallberg, of Erickson & Sederstrom, P.C., for appellant.
Kristopher J. Covi, Lisa M. Lehan, and J. Terry Macnamara, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee Joe M. Richardson.
Michael D. Kozlik, of Harris Kuhn Law Firm, L.L.P., for appellee W.G. Yates & Sons Construction Company.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
In this probate proceeding involving the estate of Richard N. Cooper, appellee W.G. Yates & Sons Construction Company (Yates), a claimant, moved to strike two documents entitled "Statement of Claim" and "Demand for Notice" filed by or on behalf of another claimant, appellant First Tennessee bank, National Association (First Tennessee), because neither document had been filed by an attorney licensed to practice law in Nebraska. Following an evidentiary hearing, the county court for Douglas County determined that the filing of these documents constituted the unauthorized practice of law in violation of Neb. Rev. Stat. § 7-101 (Reissue 1997), sustained Yates' motions, and ordered both the statement of claim and the demand for notice stricken from the file.
First Tennessee appeals. We conclude that neither the filing of the statement of claim by a manager of First Tennessee nor the filing of the demand for notice by First Tennessee's Tennessee attorney who was not admitted in Nebraska constituted the unauthorized practice of law in Nebraska, and we therefore reverse the county court's order and remand the cause with directions to reinstate both filings.

FACTS
As an initial matter, we note that the events giving rise to this appeal occurred prior to the adoption of the Nebraska Supreme Court's Rules Governing the Unauthorized Practice of Law, which became effective on January 1, 2008. Accordingly, we do not refer to these rules.
There is essentially no dispute with regard to the material facts. Decedent Cooper died testate on November 3, 2005. He was survived by his wife and several children. Cooper's last will and testament was admitted to probate in the county court on November 17.
The record reflects that First Tennessee is a national banking association with its principal place of business in Memphis, Tennessee. First Tennessee asserts that it is a claimant of Cooper's estate. On January 17, 2006, Christopher D. Brown, the manager of special assets for First Tennessee, filed a statement of claim on behalf of First Tennessee against Cooper's estate in the amount of $1,035,537.32. Brown completed the claim by filling in the blanks on a prepared form identified as "NCLE Form 313 Statement of Claim" (Form 313). Brown is not an attorney, and he is not licensed to practice law in Nebraska.
On March 2, 2006, Kristen C. Wright, an attorney in Memphis, filed a demand for notice on behalf of First Tennessee, requesting that all orders and other filings relevant to the Cooper estate be sent to Wright or another attorney at Wright's office address in Memphis. Wright is not licensed to practice law in Nebraska, and at the time she filed the demand for notice, she had not sought admission pro hac vice.
On June 2, 2006, Yates, another claimant of the Cooper estate, filed a motion to strike First Tennessee's statement of claim on the basis that it was signed and filed by an individual who was not authorized to practice law in Nebraska. On June 27, Yates filed a similar motion to strike the demand for notice because it was signed and filed by an individual who was not authorized to practice law in Nebraska.
On June 20, 2006, and continuing on July 27, the county court held an evidentiary hearing on both motions. The record reflects that the hearing also concerned matters not relevant to the instant appeal. The county court received into evidence certain affidavits and other documents relative to the motions to strike.
In an order dated August 18, 2006, the county court concluded that both the filing of the statement of claim and the demand for notice constituted the unauthorized practice of law in Nebraska. In reaching this decision, the county court referred to the unauthorized practice of law statute, § 7-101, which provides in pertinent part as follows:
[N]o person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by drawing pleadings or other papers to be signed and filed by a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state. No such paper shall be received or filed in any action or proceeding unless the same bears the endorsement of some admitted attorney, or is drawn, signed, and presented by a party to the action or proceeding.
With regard to brown's filing of the statement of claim, the county court noted that First Tennessee is a corporation and that corporations cannot appear pro se in Nebraska courts. In its analysis, the county court relied upon the probate code, Neb. Rev. Stat. § 30-2484 (Reissue 1995), and concluded that brown's filing of the claim on behalf of First Tennessee constituted the "commencement of a proceeding" on behalf of First Tennessee, and thus violated § 7-101. Section 30-2484 provides, inter alia, that "[f]or purposes of any statute of limitations, the proper presentation of a claim under section 30-2486 is equivalent to commencement of a proceeding on the claim."
With regard to Wright's filing of the demand for notice, although not specifically citing Neb. Ct. R. of Prof. Cond. 5.5(c) (rev. 2005) in its order, the county court appeared to rely on the rule when it concluded that Wright's filing of the demand for notice violated § 7-101. Rule 5.5(c) provides, in pertinent part, as follows:
(c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:
....
(4) ... arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.
The county court determined that Wright's filing of the demand for notice "[d]id not arise out of and [is] not reasonably related to [her] practice as [an] attorney ... in a jurisdiction in which [she is] admitted to practice ...."
The county court sustained Yates' motions and ordered First Tennessee's statement of claim and demand for notice struck. First Tennessee appeals.

ASSIGNMENTS OF ERROR
On appeal, First Tennessee assigns three errors that can generally be summarized as claiming that the county court erred (1) in determining that the filing of the statement of claim constituted the unauthorized practice of law and in striking the statement and (2) in determining that the filing of the demand for notice constituted the unauthorized practice of law and in striking the demand.

STANDARDS OF REVIEW
[1,2] In the absence of an equity question, an appellate court, reviewing probate matters, examines for error appearing on the record made in the county court. In re Trust Created by Hansen, 274 Neb. 199, 739 N.W.2d 170 (2007). On a question of law, however, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. In re Estate of Lamplaugh, 270 Neb. 941, 708 N.W.2d 645 (2006).

ANALYSIS

The Filing of a Statement of Claim in a Probate Proceeding Does Not Constitute the Practice of Law.
For its first assignment of error, First Tennessee claims that the county court erred as a matter of law when it concluded that the statement of claim filed on behalf of First Tennessee by brown, one of First Tennessee's employees, constituted the unauthorized practice of law. First Tennessee asserts that the filing of the statement of claim did not constitute the commencement of a proceeding or action but instead is an administrative matter designed to advise the personal representative of the nature and amount of a claim against the estate. Given the purpose of the statement of claim, First Tennessee argues that the statement of claim can be filed by a claimant or a representative of the claimant without the assistance of counsel and that such a filing does not constitute the practice of law and does not violate § 7-101. We agree.
First Tennessee refers us primarily to Neb. Rev. Stat. § 30-2486 (Reissue 1995) of the probate code and § 7-101, the unauthorized practice of law statute, in support of its argument. Yates and the county court refer to these statutes and to § 30-2484. We consider these statutes and the jurisprudence thereunder in connection with First Tennessee's argument relating to the filing of the statement of claim.
[3-7] In interpreting the provisions of Nebraska's statutes, we are guided by familiar canons of statutory construction. Statutory interpretation presents a question of law. Citizens for Eq. Ed. v. Lyons-Decatur Sch. Dist., 274 Neb. 278, 739 N.W.2d 742 (2007). Absent anything to the contrary, we will give statutory language its plain and ordinary meaning. Id. When confronted with a statutory construction issue, we resolve the issue independently and irrespective of the lower court's conclusion. Id. Our role, to the extent possible, is to give effect to the statute's entire language, and to reconcile different provisions of the statute so they are consistent, harmonious, and sensible. Id. When possible, we will try to avoid a statutory construction that would lead to an absurd result. Id.
Section 30-2486 governs the manner by which claims are presented against a decedent's estate and provides as follows:
Claims against a decedent's estate may be presented as follows:
(1) The claimant may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. The claim is deemed presented on the filing of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.
(2) The claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction and the personal representative may be subjected to jurisdiction, to obtain payment of his or her claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his or her death.
(3) If a claim is presented under subsection (1), no proceeding thereon may be commenced more than sixty days after the personal representative has mailed a notice of disallowance; but, in the case of a claim which is not presently due or which is contingent or unliquidated, the personal representative may consent to an extension of the sixty-day period, or to avoid injustice the court, on petition, may order an extension of the sixty-day period, but in no event shall the extension run beyond the applicable statute of limitations.
During oral argument, the parties agreed that the form referred to in § 30-2486(1) that was used in this case is Form 313.
As quoted above, § 30-2486(1) provides that a "claimant may file a written statement of the claim." Yates argued, and the county court agreed, that the filing of a claim constituted the initiation of a legal proceeding requiring the services of an attorney, and because a corporation cannot appear pro se in litigation, a lawyer licensed in Nebraska must file a statement of claim on behalf of a corporation. The county court's conclusion that the filing of a statement of claim commenced a proceeding is not warranted by § 30-2486, other statutes, or our jurisprudence.
[8] Although § 30-2486(1) provides that a "claimant may file a written statement of the claim," nothing in the language of the statute precludes the filing of a statement of claim directly by an individual or a corporate claimant. More important, elsewhere in the statute, subsection (3) distinguishes between the filing of a claim under subsection (1) and the commencement of a subsequent proceeding to obtain payment of the claim. Also relevant is § 30-2486(2), which provides that a claimant under subsection (1) may thereafter commence a proceeding to obtain payment. Giving the language in subsections (1) through (3) a consistent, harmonious, and sensible construction, see Citizens for Eq. Ed. v. Lyons-Decatur Sch. Dist., 274 Neb. 278, 739 N.W.2d 742 (2007), it is apparent that the filing of a claim is a separate and distinct act from the initiation of a legal proceeding to pursue payment of the claim. Therefore, the filing of a claim does not commence an action and does not in and of itself require the services of an attorney.
We note that our conclusion that the filing of a claim under § 30-2486(1) does not commence a proceeding is supported by the comment to Uniform Probate Code § 3-804, on which § 30-2486 is based. The comment states:
The filing of a claim with the probate court ... does not serve to initiate a proceeding concerning the claim. Rather, it merely serves to protect the claimant who may anticipate some need for evidence to show that his claim is not barred. The probate court acts simply as a depository of the statement of claim, as is true of its responsibility for an inventory filed with it ....
See Unif. Probate Code § 3-804, comment, 8 U.L.A. 236 (1998).
Our conclusion that the filing of a statement of claim does not commence an action or proceeding for purposes of § 7-101 is consistent with the reasoning employed by other jurisdictions. In Summit Pool Supplies, Inc. v. Price, 461 So. 2d 272, 274 (Fla. App. 1985), the Florida intermediate court of appeals stated:
[T]he filing of a statement of claim against an estate is not an appearance in court or the filing of a "pleading" and therefore is not the practice of law. The filing of a statement of claim in an estate proceeding requires no action by the court. It is merely a procedural step in the administration of an estate whereby the personal representative is advised, within the statutorily limited time, who the creditors are and what their claims amount to. Thus, the filing of a statement of claim is nothing more than presenting a bill to the personal representative in the manner required by the statute.
Similarly, in In re Estate of Piper, 59 Ill. App. 3d 325, 327, 375 N.e.2d 477, 479, 16 Ill. Dec. 604, 606 (1978), the intermediate court of appeals in Illinois stated:
Policy considerations support the decision that the filing of a claim against a decedent's estate does not constitute the practice of law. The purpose of the statutory provisions involved here is to facilitate early settlement of the estates of deceased persons.... To require that the claim of a corporate creditor be filed by an attorney would counter the informal, summary proceedings established by the legislature. The requirement would greatly increase the expense of filing a claim and could discourage the filing of relatively small but just claims.
Finally, in the related context of the nonclaim statute, Neb. Rev. Stat. § 30-2485 (Reissue 1995), we have noted in effect that the filing of claims facilitates and expedites the
proceedings for distribution of a decedent's estate, including an early appraisal of the respective rights of interested persons and prompt settlement of demands against the estate. [T]he probate court or the personal representative can readily ascertain the nature and extent of the decedent's debts, determine whether any sale of property is necessary to satisfy a decedent's debts, and project a probable time at which the decedent's estate will be ready for distribution.
In re Estate of Feuerhalm, 215 Neb. 872, 874-75, 341 N.W.2d 342, 344 (1983).
To the extent the county court relied on § 30-2484, in addition to § 30-2486 just discussed, as a basis to conclude that the filing of a claim constituted the commencement of a proceeding, that reliance was also misplaced. Section 30-2484 provides that "[f]or purposes of any statute of limitations, the proper presentation of a claim under section 30-2486 is equivalent to commencement of a proceeding on the claim." The language of § 30-2484 draws a distinction between the filing of a claim and the commencement of a separate proceeding. Further, § 30-2484 provides that although not equivalent, the filing of a claim shall be treated as the "equivalent" of commencement of a proceeding for statute of limitations purposes. We observe that application of § 30-2484 is "[f]or purposes of any statute of limitations" and that by its terms, is limited to the context of determining whether the statute of limitations on a claim has run. Thus, the equating of the filing of a claim to the commencement of proceedings is limited to the statute of limitations context, and we have effectively so held in Mulinex v. Roberts, 261 Neb. 800, 626 N.W.2d 220 (2001).
[9] Having noted that nothing within the relevant probate statutes necessitates the conclusion that the filing of a statement of claim constitutes the commencement of an action or proceeding requiring representation by an attorney and that therefore the probate statutes do not require the conclusion that the filing of a statement of claim constitutes the practice of law, we next analyze whether the remainder of our jurisprudence relative to the practice of law requires such a conclusion. We have stated that the term "practice of law" includes the trial of causes in court and the preparation of pleadings to be filed in court. See State, ex rel. Wright, v. Barlow, 131 Neb. 294, 268 N.W. 95 (1936). We have also stated that
the practice of law would include ... legal advice to persons represented by the defendant as to their rights in such cases, the direct and cross-examination of witnesses, the argument had to the court as to the legal rights of persons represented by the defendant, and all matters incident and necessary to the trial of said cases in the justice court....
... "It is the character of the act, and not the place where it is performed, which is the decisive factor." See State, ex rel. Hunter, v. Kirk, 133 Neb. 625, 628, 276 N.W. 380, 382 (1937). See, also, Spier v. Thomas, 131 Neb. 579, 269 N.W. 61 (1936) (defining "practice of law" to include legal advice and counsel with regard to validity and legality of matters).
[10] The filing of a statement of claim in an estate proceeding requires no action by or in the court. Although a claim is filed with the probate court, it is not considered a pleading. See Neb. Ct. R. of Pldg. in Civ. Actions 7(a) (rev. 2004) (listing allowable "pleadings" as complaint, answer, reply, answer to cross-claim, third-party complaint, and third-party answer, and stating generally that "[n]o other pleading shall be allowed"). In this regard, we have stated that "the county court acts merely as a depository of the [statement of] claim." Holdrege Co-op Assn. v. Wilson, 236 Neb. 541, 546, 463 N.W.2d 312, 316 (1990). The filing of a statement of claim is an administrative step by which the personal representative is advised, in accordance with the probate statutes, of the identities of the creditors and the amounts of their claims. Although a form for the presentation of a claim is prescribed by rule, see § 30-2486(1), legal skill is not required to complete the form. See, Summit Pool Supplies, Inc. v. Price, 461 So. 2d 272 (Fla. App. 1985); In re Estate of Piper, 59 Ill. App. 3d 325, 375 N.e.2d 477, 16 Ill. Dec. 604 (1978).
In the instant case, brown took the administrative steps of preparing or causing to be prepared the statement of claim, signing it, and submitting it for filing with the probate court. Under these circumstances, we conclude that brown's filing of a statement of claim does not constitute the practice of law described in § 7-101. The county court erred as a matter of law when it concluded that brown's filing of the statement of claim on behalf of First Tennessee constituted the unauthorized practice of law and ordered the statement of claim struck. Such order is reversed.

The Filing of a Demand for Notice in a Probate Proceeding by an Attorney Not Licensed to Practice Law in This State Is Not the Unauthorized Practice of Law.
For its second assignment of error, First Tennessee claims that the county court erred as a matter of law when it concluded that the demand for notice filed on behalf of First Tennessee by one of First Tennessee's lawyers, who is not admitted in Nebraska, constituted the unauthorized practice of law. First Tennessee argues in effect that the county court misconstrued rule 5.5(c)(4) of the Nebraska Rules of Professional Conduct governing the unauthorized practice of law when the court concluded that Wright's filing of the demand for notice violated the unauthorized practice of law statute, § 7-101. We agree with First Tennessee that the county court erred.
[11] We note that the conduct complained of involves an attorney and occurred after September 1, 2005, and thus is governed by the Nebraska Rules of Professional Conduct. As noted above, rule 5.5(c) permits a lawyer who is licensed to practice in another state but has not been admitted to practice in Nebraska to nonetheless on a temporary basis perform certain legal actions in this jurisdiction, so long as those actions "arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice." Rule 5.5(c) describes activities that although performed by a lawyer not licensed to practice in this state, nonetheless do not violate § 7-101.
We have not had occasion to construe rule 5.5(c)(4). However, we find guidance in the comments that follow the rule. Comment [5] states in part:
There are occasions in which a lawyer admitted to practice in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction under circumstances that do not create an unreasonable risk to the interests of their clients, the public or the courts.
Comment [13] states:
Paragraph (c)(4) permits a lawyer admitted in another jurisdiction to provide certain legal services on a temporary basis in this jurisdiction that arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted .... These services include both legal services and services that nonlawyers may perform but that are considered the practice of law when performed by lawyers.
Finally, comment [14] states as follows:
Paragraph ... (c)(4) require[s] that the services arise out of or be reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted. A variety of factors evidence such a relationship. The lawyer's client may have been previously represented by the lawyer, or may be resident in or have substantial contacts with the jurisdiction in which the lawyer is admitted. The matter, although involving other jurisdictions, may have a significant connection with that jurisdiction. In other cases, significant aspects of the lawyer's work might be conducted in that jurisdiction or a significant aspect of the matter may involve the law of that jurisdiction.
We consider the factors listed in the comment quoted immediately above. The record reflects that First Tennessee is a Tennessee banking corporation, with its principal place of business in Memphis, Tennessee, the same city and state where Wright, the Tennessee lawyer who filed the demand for notice, maintains her law practice. First Tennessee is a client of Wright. The request for notice sought to have copies of all filings made in the underlying estate case mailed to Wright in the same state where she offices and First Tennessee has its principal place of business. The "risk" involved to either the client, the public, or the courts was de minimis. The filing of the request for notice was effectively an administrative matter and did not in and of itself involve either rendering a legal opinion to First Tennessee or engaging in a legal contest on behalf of First Tennessee in Nebraska. Given these facts, we conclude that the county court erred as a matter of law when it determined that Wright's filing of the demand for notice constituted the unauthorized practice of law under either rule 5.5(c) or § 7-101 and ordered the demand struck. We reverse such order.

CONCLUSION
For the reasons stated above, we conclude that the county court erred as a matter of law when it concluded that brown's filing of the statement of claim and Wright's filing of the demand for notice, each on behalf of First Tennessee, constituted the unauthorized practice of law in violation of § 7-101 and in striking the statement and demand. Accordingly, we reverse the county court's order and remand the cause with directions to reinstate both filings.
REVERSED AND REMANDED WITH DIRECTIONS.