755 N.W.2d 39 (2008)
276 Neb. 426
Mike BORRENPOHL, doing business as Borrenpohl Excavating, Appellant, and
Steve Bartels, doing Business as Steve Bartels Construction, appellee and cross-appellant,
v.
DABEERS PROPERTIES, L.L.C., a limited liability company, and The Carson National Bank of Auburn, appellees, and
Bank of Bennington, appellee and cross-appellee.
No. S-07-980.
Supreme Court of Nebraska.
August 15, 2008.
*40 Thomas L. Morrissey, of Morrissey, Morrissey & Dalluge, Tecumseh, for appellant Mike Borrenpohl and appellee Steve Bartels.
Michael T. Eversden, of McGrath, North, Mullin & Kratz, PC, L.L.O., Omaha, for appellee Bank of Bennington.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
This appeal involves a dispute over lien priorities. Mike Borrenpohl, doing business *41 as Borrenpohl Excavating (Borrenpohl), and Steve Bartels, doing business as Bartels Construction (Bartels), filed suit in the district court for Pawnee County against DaBeers Properties, L.L.C. (DaBeers); The Carson National Bank of Auburn (Carson); and the Bank of Bennington (the Bank) to foreclose construction liens Borrenpohl and Bartels had against property owned by DaBeers (the property) and to establish the priority of those liens. Carson and the Bank each have deeds of trust on the property.
We conclude the district court did not err when it determined that the Bank's deed of trust should have priority over the construction liens of Borrenpohl and Bartels and when it granted partial summary judgment in favor of the Bank. We find no merit to the appeal and cross-appeal, and we therefore affirm the order of the district court.

FACTS
On October 19, 2005, DaBeers and the Bank executed a loan agreement, pursuant to which the Bank loaned DaBeers $66,198 to make certain improvements on the property. At the time the parties entered into this loan agreement, DaBeers executed a deed of trust in favor of the Bank on the property. There is no dispute in the instant appeal that Carson already had a deed of trust in place on the property and that Carson's lien has priority over both the Bank's lien and the construction liens.
Also on October 19, 2005, DaBeers executed a notice of commencement in accordance with the Nebraska Construction Lien Act (NCLA), Neb.Rev.Stat. § 52-125 et seq. (Reissue 2004). The Bank's representative mailed both the deed of trust and the notice of commencement in a single envelope to the Pawnee County register of deeds' office. He did not provide filing instructions. On October 21, the register of deeds' office received and recorded the documents. The notice of commencement was stamped as recorded at 2:15 p.m., and the Bank's deed of trust was stamped as recorded at 2:20 p.m.
Borrenpohl and Bartels both made certain improvements to the property, and they subsequently filed construction liens against the property relative to those improvements. Bartels' lien was recorded on June 23, 2006, and Borrenpohl's lien was recorded on June 30. However, because § 52-137(2) provides that "[i]f a lien is recorded while a notice of commencement is effective ... the lien attaches as of the time the notice is recorded ...," their construction liens attached on October 21, 2005. On October 6, Borrenpohl and Bartels initiated the instant action against DaBeers, Carson, and the Bank, seeking to foreclose their construction liens and establish the lien priorities.
On February 23, 2007, the Bank filed a motion for partial summary judgment, seeking a determination that its deed of trust was superior to the construction liens of Borrenpohl and Bartels. On March 26, the Bank's motion came on for hearing, and a total of three affidavits were offered and received into evidence. Exhibit 1 was the affidavit of the Bank's vice president, in which he stated that "DaBeers ... represented to the Bank that [the Bank's] Deed of Trust would be a second lien, subject only to the lien of Carson.... The Bank thus expected to receive a second lien on [DaBeers'] [p]roperty...." Exhibit 2 was the affidavit of DaBeers' manager, who stated that when DaBeers granted the Bank a deed of trust, "DaBeers ... intended that the Bank would take a lien position second only to the Hen of Carson... and that the interest of any mechanics' lien claimants would be inferior to that of the Bank." DaBeers' affidavit further stated that "DaBeers ... at all times intended *42 that the Bank's Deed of Trust would be recorded before the notice of commencement and have priority over any mechanics' liens." Exhibit 3 was the affidavit of Candice Tuxhorn, the deputy county clerk ex officio deputy register of deeds for Pawnee County. In her affidavit, Tuxhorn described the procedures followed by the register of deeds' office when it receives documents for filing by mail and there is no transmittal letter giving filing instructions. Tuxhorn stated that "the office records said documents in the order that they are found in the transmittal correspondence, recording the top document first and all subsequent documents in sequence thereafter." Tuxhorn further stated that when the register of deeds' office received the envelope from the Bank containing the notice of commencement and the Bank's deed of trust, "pursuant to the procedures set forth [above], the Notice of Commencement was recorded ... on October 21, 2005 at 2:15 p.m. and [the deed of trust] was recorded on October 21, 2005 at 2:20 p.m."
In an order filed March 30, 2007, the district court sustained the Bank's motion and declared that the Bank's deed of trust had priority over the construction liens of Borrenpohl and Bartels. The case proceeded to trial on issues as to other parties, and on September 12, the district court entered amended foreclosure decrees, in which it foreclosed the construction liens of Borrenpohl and Bartels. As part of these decrees and relevant to this appeal, the district court stated that in accordance with a stipulation between the parties, by virtue of its deed of trust, Carson had a first lien against the property. The district court also stated that in accordance with its earlier order sustaining the Bank's motion for partial summary judgment, the Bank had a lien on the property that was superior to the construction liens of Borrenpohl and Bartels. Finally, the district court stated that Borrenpohl's and Bartels' liens had equal priority.
Due to the timing of filing the notices of appeal, see Neb. Ct. R.App. P. § 2-101(C), Borrenpohl appeals and Bartels cross-appeals. Borrenpohl and Bartels raise the same issue. Both Borrenpohl and Bartels challenge the district court's order that sustained the Bank's motion for partial summary judgment and declared that the Bank's deed of trust had priority over their construction liens. No issues are raised on appeal as to the court's determination that Carson had the first lien on the property or other rulings relative to the interests of DaBeers and Carson.
ASSIGNMENT OF ERROR Both Borrenpohl on appeal and Bartels on cross-appeal claim, restated, that the district court erred in sustaining the Bank's motion for partial summary judgment and declaring the Bank's deed of trust superior to their construction liens.

STANDARDS OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. See County of Hitchcock v. Barger, 275 Neb. 872, 750 N.W.2d 357 (2008). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Id.
Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *43 McClellan v. Board of Equal. of Douglas Cty., 275 Neb. 581, 748 N.W.2d 66 (2008).

ANALYSIS
At issue in this appeal is the priority under the relevant statutes, our case law, and the facts to be accorded a deed of trust and a notice of commencement received by the register of deeds in the same envelope and without instructions. We are asked to review the district court's determination that, on the record before it, the parties' intentions rather than the recording times determine priority of the liens. Upon review, we find no error.
As noted above, Bartels' and Borrenpohl's actual construction liens were recorded on June 23, 2006, and June 30, 2006, respectively. However, under § 52-137(2), which is found in the NCLA and derived from the Uniform Simplification of Land Transfers Act (USLTA), their liens attached when the notice of commencement was effectively recorded. Therefore, the filing of the notice of commencement controls the priority accorded these construction liens.
Borrenpohl and Bartels argue that the stamp showing the time of recording of the notice of commencement controls its priority relative to the Bank's deed of trust. Noting that the notice of commencement was recorded 5 minutes prior to the recording of the Bank's deed of trust, Borrenpohl and Bartels claim that their construction liens attached at the time the notice of commencement was recorded and that therefore, their liens were superior to that of the Bank.
In response, the Bank argues that under Nebraska law, in the circumstance when the notice of commencement and the deed of trust are delivered to the register of deeds in the same envelope without instructions, the liens are effectively filed simultaneously. The Bank further argues that under Nebraska law, priorities are resolved in a case of simultaneous filing by reference to the parties' intentions. The Bank refers to the record and notes that the representatives of DaBeers and the Bank each testified that DaBeers intended the Bank's deed of trust to have priority over the notice of commencement and that there was no evidence to the contrary. The Bank argues, therefore, that because intention controls, the Bank's deed of trust was superior to the construction liens, as the district court determined. We agree with the Bank.
As noted above, Borrenpohl's and Bartels' liens were filed pursuant to the NCLA. We have not previously considered the priority of liens as between a deed of trust and a construction lien filed pursuant to the NCLA, and we therefore consider whether the provisions of the NCLA or other relevant statutes resolve the priority dispute raised in this appeal.
The NCLA became effective January 1, 1982, and was modeled after article 5 of the USLTA. Michael Cox & Michael McCue, Comment, The Nebraska Construction Lien Act: Which Way to Lien? 62 Neb. L.Rev. 86 (1983). Portions of article 5 of the USLTA and in particular the "notice of commencement" documents were in turn derived from Florida lien law. Jon W. Bruce, An Overview of the Uniform Land Transactions Act and the Uniform Simplification of Land Transfers Act. 10 Stetson L.Rev. 1 (1980). Although the NCLA contains provisions generally addressing lien priority, e.g., §§ 52-137 and 52-139, none of these priority-related provisions directly support Borrenpohl and Bartels' argument that the date and time stamp on the notice of commencement controls lien priority.
The notice of commencement document at issue in this case was adopted *44 and authorized by statute not to advance the priority of construction liens, but, rather, to avoid the problems associated with "hidden liens." See Cox & McCue, supra at 118. Under prior Nebraska law, construction lien priority was determined by the date the work on the property visibly commenced, and the lien attached to the property when the work commenced even though the actual lien was not recorded until a later date. Persons searching the public records for liens would therefore have no notice of a construction lien that had attached but was not yet recorded. See id. The notice of commencement provision was adopted to provide notice to persons searching the public records of a potential construction lien, "and, therefore, [it] alleviates the problem of hidden liens." Id. In addition, "[b]ecause the visible commencement of construction is often an ambiguous event," the recordation of a notice of commencement makes later-filing parties aware that construction liens may be claimed against the property as of a date certain and will take priority. Bruce, supra at 17-18. Thus, it has been said the "prime purpose" of the notice of commencement as part of updated construction lien laws "was to eliminate as a controvertible question of fact the time of visible commencement of operations by providing a method to determine this time with certainty." Robert M. Ervin, Revised Mechanics' Lien Law; The Whys and Wherefores, 37 Fla. Bar J. 1094, 1097 (1963).
In their arguments on appeal, Borrenpohl and Bartels refer this court to a comment following the USLTA § 5-301, 14 U.L.A. 440 (2005), codified by Nebraska at § 52-145. This provision generally governs the recording of a notice of commencement, including such details as who can file a notice of commencement and the contents thereof. The comment states:
In cases in which a construction lender... is taking an interest in real estate on which the owner is about to commence construction, the third party, if he is well advised, will insist that the transaction be structured so that the third party's interest is recorded and then a notice of commencement recorded.
USLTA § 5-301, comment, 14 U.L.A. at 441-42. The broad suggestion in this comment does not resolve the issue in this case of legally simultaneous filings and does not affirmatively establish that the date and time stamp controls the priority of liens. We do not find support within the text of the NCLA provisions for Borrenpohl and Bartels' argument that their construction liens are entitled to priority over the Bank's deed of trust on the basis that the notice of commencement bears a date and time stamp that is 5 minutes earlier than the time on the Bank's deed of trust.
Having reviewed the NCLA without finding definitive authority for resolution of the issue in this appeal, we next turn to the relevant Nebraska real estate statutes and our case law thereunder. As explained more fully below, we conclude that under Nebraska jurisprudence, the fact that the deed of trust and the notice of commencement arrived in the same envelope and were delivered to the register of deeds at the same time without instructions effectively resulted in the simultaneous recording of those documents, and the resolution of priority between simultaneously recorded documents is determined by reference to the intention of the parties. See, generally, Judkins-Davies v. Skochdopole, 122 Neb. 374, 240 N.W. 510 (1932). For completeness, we note that the parties have not directed us to authority that is contrary to the foregoing conclusion.
As a preliminary matter in our consideration of the statutes, we note that *45 Neb.Rev.Stat. § 76-203 (Reissue 2003) defines the term "deed" as "embrac[ing] every instrument in writing by which any real estate or interest therein is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity, except last wills and leases for one year or for less time." Under § 76-203, we consider both the deed of trust and the notice of commencement to be instruments covered by chapter 76 of the Nebraska Revised Statutes.
Neb.Rev.Stat. § 76-237 (Reissue 2003) provides that "[e]very deed, entitled by law to be recorded, shall be recorded in the order and as of the time when the same shall be delivered to the register of deeds for that purpose, and shall be considered recorded from the time of such delivery." Similarly, Neb.Rev.Stat. § 76-238(1) (Cum.Supp.2006) provides that "[a]ll deeds, mortgages, and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering such instruments to the register of deeds for recording...." Thus, under chapter 76, the deed of trust and the notice of commencement that were "delivered" together were "recorded" together at the time of such delivery.
Deeds of trust are "recorded," Neb.Rev. Stat. § 76-1017 (Reissue 2003), as are notices of commencement, § 52-145(1)(c). See, also, § 52-127(13) (providing that under NCLA, "record" means "to present [a document] to the register of deeds for the county where the land is situated"). Taking this series of statutory sections just referred to together, and giving the statutory language its plain meaning, see In re Estate of Cooper, 275 Neb. 297, 746 N.W.2d 653 (2008), both deeds of trust and notices of commencement are "recorded" at the time of delivery, and in the absence of instruction, under the statutes, it logically follows that if delivered together, they are considered as having been recorded simultaneously. The statutes as a whole negate the argument by Borrenpohl and Bartels that under the statutes, the time stamp controls recordation and hence priority.
The Bank argues that under our case law applying the relevant statutes, when documents are filed simultaneously, the relative priority of the competing interests is resolved by considering the intent of the parties. In support of this argument, the Bank relies on this court's opinion in Judkins-Davies v. Skochdopole, 122 Neb. 374, 240 N.W. 510 (1932), in which we considered Comp. Stat. § 76-217 (1929), now codified as § 76-237, which provides that real property instruments are recorded from the time of delivery. In Judkins-Davies, a bank cashier sent two mortgages, one securing a $5,000 note and the second securing a $2,400 note, in the same envelope to the register of deeds to be recorded. The mortgages related to the same piece of property, but each was in favor of a different lender. The cashier did not include filing instructions in the envelope. The register of deeds recorded the $2,400 mortgage first, and the $5,000 mortgage immediately thereafter. A dispute arose concerning the priority of the respective liens.
In Judkins-Davies, supra, the defendant claimed that it was the intention of the parties that the $5,000 mortgage would have priority. The trial court agreed with the defendant, and this court affirmed, stating "[t]he mere fact that the $2,400 mortgage was indexed and recorded just ahead of the $5,000 mortgage does not, of itself, give it priority." Id. at 376, 240 N.W. at 511. We noted that under the state statutes generally, mortgages were considered recorded from the time of delivery *46 to the register of deeds' office. We further stated, however, that the appeal appeared to involve "a disputed question of fact, to be determined from the evidence, [as to] which of the two mortgages is prior," id. at 377, 240 N.W. at 512, and we affirmed the trial court's decision finding the $5,000 mortgage superior, based upon evidence of the intention of the parties. See, also, Reitz v. Petersen, 131 Neb. 706, 711, 269 N.W. 811, 814 (1936) (stating that "the mere fact that a mortgage was first received for record by the register of deeds ... does not prevent a mortgage received for record later being awarded priority when shown by competent evidence to have been intended by all parties in interest to be prior"). Extending the reasoning of Judkins-Davies, we agree with the Bank's argument that based on our statutes and case law, in this case, where documents were delivered simultaneously without instructions, the relative priority of the interests represented by the documents is resolved by considering the intentions of the parties.
In the instant case, in support of its motion for partial summary judgment, the Bank presented the affidavits of representatives from the Bank and DaBeers, each of whom stated that it was the intention of both the Bank and DaBeers that the Bank's lien would be second only to that of Carson's deed of trust, and therefore the Bank's deed of trust was superior to the notice of commencement and construction liens subsequently filed against the property. The record reflects that neither Borrenpohl nor Bartels presented evidence regarding the parties' intentions concerning lien priorities, and there is no evidence that contradicts the evidence of the Bank. The fact that the actual recordation reflecting the intentions of the Bank and DaBeers "was not efficiently done" does not defeat their agreed-upon priority. See Reitz, supra, 131 Neb. at 713, 269 N.W. at 814.
A party makes a prima facie case that it is entitled to summary judgment by offering sufficient evidence that, assuming it went uncontested at trial, would entitle the party to a favorable verdict. Amanda C. v. Case, 275 Neb. 757, 749 N.W.2d 429 (2008). If the moving party makes such a case, the burden then shifts to the nonmoving party to avoid summary judgment by producing admissible contradictory evidence which raises a genuine issue of material fact. Id. The Bank, as the moving party, offered evidence in support of its argument that the parties intended that the Bank's lien would be superior to the notice of commencement and construction liens subsequently filed against the property. The burden then shifted to Borrenpohl and Bartels to produce contradictory evidence, and no such evidence was produced. The evidence submitted supports the ruling of the district court that the parties intended that the Bank's deed of trust have priority over the notice of commencement and, as a consequence, priority over the construction liens at issue here. Accordingly, the district court did not err in entering partial summary judgment in favor of the Bank, and the appeal by Borrenpohl and cross-appeal by Bartels are without merit.

CONCLUSION
In this appeal following proceedings on a motion for partial summary judgment, the district court did not err in entering partial summary judgment in favor of the Bank and in determining that the Bank's deed of trust had priority over the notice of commencement and therefore over the construction liens of Borrenpohl and Bartels. Finding no merit to the appeal *47 and cross-appeal, we affirm the decision of the district court.
AFFIRMED.